FLOWERS, APPELLEE, *v.* WALKER ET AL., APPELLANTS.

[Cite as *Flowers v. Walker* (1992), 63 Ohio St.3d 546.]

(No. 91–812—Submitted February 18, 1992—Decided May 6, 1992.)

*McLaughlin, McNally & Carlin, Clair M. Carlin* and *James F. Mathews,* for appellee.

*Manchester, Bennett, Powers & Ullman* and *Thomas J. Travers, Jr.,* for appellants.

HERBERT R. BROWN, J.  This case presents the sole issue of whether Mrs. Flowers timely filed her medical malpractice action against Dr. Walker.  For

the reasons that follow we hold that the statute of limitations in R.C. 2305.11 bars her action.

Former R.C. 2305.11(A), as in effect at the time relevant to the events in this case,[2] provided in part:

" * * * [A]n action for malpractice against a physician * * * shall be brought within *one year after the cause thereof accrued* * * *.

"If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given." (Emphasis added.) Am.Sub.H.B. No. 319, 141 Ohio Laws, Part II, 3223, 3228–3229.

At dispute in this case is the accrual date of the cause of action by Mrs. Flowers against Dr. Walker.

In Ohio, a cause of action for medical malpractice does not accrue until the patient discovers, or should have discovered in the exercise of reasonable care and diligence, the resulting injury. *Oliver v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111, 5 OBR 247, 449 N.E.2d 438, at syllabus. In *Hershberger v. Akron City Hosp.* (1987), 34 Ohio St.3d 1, 516 N.E.2d 204, this court stated a three-prong test to determine the date that a medical malpractice cause of action accrues under the discovery rule. The three factors to be considered by the trial court are (1) when the injured party became aware, or should have become aware, of the extent and seriousness of his condition; (2) whether the injured party was aware, or should have been aware, that the condition was related to a specific professional service that he previously received; and (3) whether such condition would put a reasonable person on notice of the need to inquire into the cause of his condition. *Id.* at paragraph one of the syllabus.

In *Allenius v. Thomas* (1989), 42 Ohio St.3d 131, 538 N.E.2d 93, this court combined the three prongs of the *Hershberger* test and held that the "extent and seriousness of his condition" language in *Hershberger* requires the

---

2. The statute of limitations for a medical malpractice claim is currently R.C. 2305.11(B)(1), which provides in part:

" * * * [A]n action upon a medical * * * claim shall be commenced within one year after the action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given."

occurrence of a "cognizable event" which leads or should lead the plaintiff to believe that the condition of which he complains is related to a medical diagnosis, treatment, or procedure which the plaintiff previously received and which places or should place the plaintiff on notice of the need to pursue his possible remedies. *Id.* at syllabus.

Mrs. Flowers argues that the "cognizable event" occurred, and the statute of limitations began to run, when she discovered the identity of Dr. Walker and his role in performing and interpreting the November 7, 1986 mammogram. We disagree.

A "cognizable event" is the occurrence of facts and circumstances which lead, or should lead, the patient to believe that the physical condition or injury of which she complains is related to a medical diagnosis, treatment, or procedure that the patient previously received. *Id.* at syllabus.

Moreover, *constructive* knowledge of facts, rather than *actual* knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule. *McGee v. Weinberg* (1979), 97 Cal.App.3d 798, 803–804, 159 Cal.Rptr. 86, 89–90; *Graham v. Hansen* (1982), 128 Cal.App.3d 965, 973–974, 180 Cal.Rptr. 604, 609–610. A plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations. *Allenius, supra,* 42 Ohio St.3d at 133–134, 538 N.E.2d at 96. Rather, the "cognizable event" itself puts the plaintiff on notice to investigate the facts and circumstances relevant to her claim in order to pursue her remedies. *Id.* See, also, *Graham, supra,* 128 Cal.App.3d at 972–973, 180 Cal.Rptr. at 609; *McGee, supra,* 97 Cal.App.3d at 803, 159 Cal.Rptr. at 89– 90.

In this case, both parties agree that the discovery of cancer in her right breast and the lumpectomy that Mrs. Flowers underwent on July 1, 1987 gave her reason to believe that malpractice may have been committed in the performance and/or interpretation of her November 1986 mammogram. The discovery of cancer on July 1, 1987, therefore, was the "cognizable event" that alerted Mrs. Flowers of the need to investigate a malpractice claim. In fact, Mrs. Flowers did pursue a malpractice claim, consulted an attorney, and sent a one-hundred-eighty-day letter of notification to Dr. Milheim within one year of the "cognizable event," *i.e.,* the discovery of her cancer.

Mrs. Flowers maintains, however, that she did not discover, and could not have reasonably discovered, the identity of Dr. Walker within one year of discovering her cancer. Mrs. Flowers argues that the "cognizable event" did not occur until she knew the identity of Dr. Walker. We disagree.

In a medical malpractice case, the statute of limitations starts to run upon the occurrence of a "cognizable event." The occurrence of a "cognizable event" imposes upon the plaintiff the duty to (1) determine whether the injury

suffered is the proximate result of malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors. The identity of the practitioner who committed the alleged malpractice is one of the facts that the plaintiff must investigate, and discover, once she has reason to believe that she is the victim of medical malpractice.

This interpretation of the "cognizable event" rule places the plaintiff and defendant in malpractice actions on the same footing as plaintiffs and defendants in other tort litigation. In an automobile accident resulting from a blowout, for example, additional time is not given to (1) discover whether the tire was defective or (2) learn the identity of the manufacturer and sellers of the tire. Fraudulent concealment of either the negligence or the tortfeasor is, of course, another matter. This case does not involve fraudulent concealment.

The "cognizable event" rule was adopted by this court to put plaintiffs in malpractice cases on the same playing field as plaintiffs in other tort cases. A plaintiff in a malpractice case can be injured without knowing it (for example, where a sponge has not been removed during an operation). Further, one can discover an injury without having reason to believe that malpractice has been committed (for example, a heart attack). Hence we have delayed the running of the statute of limitations from the traditional date of injury to the date a "cognizable event" is discovered. We did not, however, intend to give medical malpractice plaintiffs an advantage over other tort plaintiffs. Nor does the language in *Allenius, supra,* or *Hershberger v. Akron City Hosp.* (1987), 34 Ohio St.3d 1, 516 N.E.2d 204, accord such an advantage. To put it plainly, the "cognizable event" rule was adopted to eliminate the unfairness to medical malpractice plaintiffs, not to favor them and excuse them from the duty to identify the tortfeasor once there is reason to know a tort has been committed.

In the case before us Mrs. Flowers was told on July 1, 1987, that she had breast cancer. At that time she also knew that her November 1986 mammogram had been interpreted as negative. Thus, an occurrence of facts and circumstances had taken place which should have led Mrs. Flowers to believe that her condition was related to previous diagnosis and treatment. She suspected her mammogram had been misread to her detriment. What she did not know was who misread the mammogram. That could have been determined before the statute ran. It is no greater burden than that placed on a plaintiff in any tort action.

Mrs. Flowers further argues that the trial court improperly granted summary judgment against her because reasonable minds could come to different conclusions as to when the "cognizable event" occurred. This case, however, does not present an issue of fact to be determined by a jury. Whether the

"cognizable event" relates to the discovery of the tortfeasor's identity is a question of law.

Accordingly, we hold that the "cognizable event" which started the statute of limitations running in this case occurred on July 1, 1987, when Mrs. Flowers learned she had cancer. Pursuant to former R.C. 2305.11(A), she should have brought the medical malpractice action or sent a one-hundred-eighty-day letter of notification to Dr. Walker by July 1, 1988. Because Mrs. Flowers did not file an action against Dr. Walker until March 9, 1989, her claim is barred.

We therefore reverse the court of appeals' holding that summary judgment was improper and reinstate the judgment of the trial court on this issue.

*Judgment reversed.*

MOYER, C.J., HOLMES, WRIGHT and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.