Appellants-plaintiffs, Bertella Van Boxel and Donald Van Boxel, appeal from the Summit County Court of Common Pleas' judgment that granted summary judgment in favor of the appellees-defendants, Dr. Y. T. Wu and Ulrich Morris Doctors Co., Inc. ("Morris"), Dr. Wu's employer. We affirm.
On January 23, 1991, Ms. Van Boxel had an appointment with Dr. Lohmeyer at Norton Family Practice. Ms. Van Boxel complained of lower back pain, and the doctor ordered that x-rays be taken of Ms. Boxel's lumbar spine. The x-rays were sent to Barberton Citizens Hospital for an overread interpretation. Dr. Wu reviewed the x-rays, wrote and signed a report, and sent the x-rays and the report back to Norton Family Practice. In August of 1993, Ms. Van Boxel went to Dr. Stokes, another doctor at Norton Family Practice, and was admitted to Barberton Citizen's Hospital for acute pyelonephritis. At that time, Dr. Stokes ordered x-rays that were reviewed by Dr. Wu. On August 7, 1993, Ms. Van Boxel was admitted to Akron General Medical Center and was diagnosed with kidney stone disease. Due to severe infection, Ms. Van Boxel's kidney was removed.
In January of 1995, Ms. Van Boxel and her husband filed a complaint against Dr. Stokes and Norton Family Practice. By June of 1994, their attorney knew of the existence of Ms. Van Boxel's x-rays at Norton Family Practice and knew that these x-rays could be checked out. Also at that time, their attorney was in possession of Dr. Wu's report that was part of Ms. Van Boxel's medical records. This report indicated that Dr. Wu was the interpreting radiologist. On May 19, 1995, that action against Dr. Stokes and Norton Family Practice was voluntarily dismissed.
On May 15, 1996, Ms. Van Boxel and her husband re-filed their complaint for malpractice and loss of consortium and named Dr. Stokes, Norton Family Practice, Dr. Lohmeyer, Dr. Wu, and Morris as the defendants. Upon settlement, the claims against Dr. Stokes, Dr. Lohmeyer, and Norton Family Practice were dismissed. The remaining defendants, Dr. Wu and his employer, Morris, moved for summary judgment based upon the statute of limitations. The Van Boxels responded to the motion for summary judgment. The trial court granted summary judgment in favor of Dr. Wu and Morris.
The Van Boxels timely appeal and raise a single assignment of error.
ASSIGNMENT OF ERROR
 The trial court erred in granting summary judgment to the defendant-appellees as to claims of Bertella Van Boxel since the determination of the date on which she discovered the seriousness of her condition and was put on notice of need for further inquiry are issues of fact for the jury and where genuine issues of fact are presented on these questions, a trial [court] may not properly grant summary judgment and where plaintiff-appellant attempted to pursue her legal remedies prior to April 24, 1996, but it was not possible for anyone to discover that her injury suffered was also the proximate result of malpractice by another physician-defendant until April 24, 1996. [sic]
The Van Boxels aver that the trial court erred by granting summary judgment in favor of the defendants because a genuine issue of material fact exists with respect to when Ms. Van Boxel discovered, or in the exercise of reasonable care and diligence, should have discovered, the cause of action for medical malpractice against the defendants. They contend that Ms. Van Boxel could not have discovered her claim against Dr. Wu until April 24, 1996, when the Van Boxels' expert witness reviewed Dr. Wu's report concerning her x-rays. We disagree.
Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. State ex rel. Howard v. Ferreri
(1994), 70 Ohio St.3d 587, 589. As an appellate court, we review the matter de novo and afford no deference to the trial court.Pennsylvania Lumbermens Ins. Corp. v. Landmark Elec., Inc.
(1996), 110 Ohio App.3d 732, 743; Lorain Cty. Bd. of Commrs. v.United States Fire Ins. Co. (1992), 81 Ohio App.3d 263, 267. The moving party bears the initial burden of identifying evidence that demonstrates that there is no genuine issue of material fact regarding essential elements of the nonmoving party's claim.Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party has satisfied its burden, the nonmoving party bears a reciprocal burden to set forth facts demonstrating that there is a genuine issue for trial. Vahila v. Hall, 77 Ohio St.3d at 429, citingDresher v. Burt, 75 Ohio St.3d at 293. If the nonmoving party fails to do so, summary judgment may be appropriately granted in favor of the moving party. Dresher v. Burt, 75 Ohio St.3d at 293.
The one-year statute of limitations for a medical malpractice claim under R.C. 2305.11(A) begins to run when "the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury." Oliver v. KaiserCommunity Health Found. (1983), 5 Ohio St.3d 111, syllabus. The Supreme Court of Ohio has described the inquiry as follows:
 [K]nowledge of facts rather than discovery of legal theories is the test. The inquiry is thus whether the plaintiff has information of circumstances, obtained with or without additional medical evaluations, sufficient to put a reasonable person on inquiry, or had the opportunity to obtain knowledge from sources open to his or her investigation, concerning the cause of the condition[:] * * * whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered [the injured party].
Hershberger v. Akron City Hosp. (1987), 34 Ohio St.3d 1, 5-6. See, also, Allenius v. Thomas (1989), 42 Ohio St.3d 131, 133-34. More specifically, the Court has noted:
 In a medical malpractice case, the statute of limitations starts to run upon the occurrence of a "cognizable event." The occurrence of a "cognizable event" imposes upon the plaintiff the duty to (1) determine whether the injury suffered is the proximate result of the malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors.
Flowers v. Walker (1992), 63 Ohio St.3d 546, syllabus. Moreover, the plaintiff is required to investigate the identity of the alleged tortfeasors in a medical malpractice claim. Id. at 550.
In Flowers, the Supreme Court noted that summary judgment is proper in the context of "cognizable event" determinations because "[w]hether the `cognizable event' relates to the discovery of the tortfeasor's identity is a question of law." Id. at 550-51. Accordingly, the Court concluded that summary judgment in favor of alleged tortfeasor was appropriate where facts and circumstances occurred that should have led a plaintiff to believe that her condition was related to a misread mammogram. Id. at 550.
The Van Boxels cite Akers v. Alonzo (1992), 65 Ohio St.3d 422, to support their contention that Ms. Van Boxel could not have identified Dr. Wu's alleged malpractice until the Van Boxels' expert witness reviewed Dr. Wu's report. In Akers, the Court noted that the plaintiff had no opportunity to even learn of the existence of the physicians who examined her pathology slides until her expert identified physicians who had reviewed and examined pathology slides. Id. at 425-26. In this case, the Van Boxels' attorney in the first lawsuit contacted Norton Family Practice regarding the existence of the x-rays and had possession of Dr. Wu's report. At this point, the Van Boxels had the opportunity to obtain knowledge of the identity of Dr. Wu and his alleged malpractice. In contrast, the plaintiff in Akers did not have the opportunity to obtain such knowledge until an expert witness reviewed her pathology slides. Accordingly, Akers does not support Van Boxel's proposition that the cognizable event occurred upon the identification and review by their expert witness in the second lawsuit.
In support of their claim that Ms. Van Boxel had the opportunity to obtain knowledge of Dr. Wu's existence as a potential tortfeasor at the time of the first lawsuit, Dr. Wu and Morris have pointed to evidence that the Van Boxels' first attorney had possession of Dr. Wu's report in May of 1994 and had inquired into the existence of the x-rays at Norton Family Practice. The Van Boxels have attempted to show that a genuine issue of fact exists regarding whether Ms. Van Boxel had such an opportunity by pointing to the testimony of their expert witness that indicated the need for an expert to ascertain the alleged malpractice by Dr. Wu. Assuming, arguendo, that such expert knowledge was required to discover that Dr. Wu had committed malpractice, the Van Boxels have failed to point to any evidence demonstrating that they did not have the opportunity to identify Dr. Wu as a potential tortfeasor when they filed their first lawsuit. In reviewing the evidence in a light most favorable to the Van Boxels, we find that there is no genuine issue with respect to when Ms. Van Boxel had the opportunity to identify Dr. Wu as an alleged tortfeasor. Accordingly, the trial court did not err when it granted summary judgment in favor of the Van Boxels on the basis of the expiration of the statute of limitations.
The Van Boxels' single assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
BAIRD, P.J. and REECE, J. CONCUR.
(Reece, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)