OPINION
Appellant, Edward L. Komsa, appeals the Lake County Court of Common Pleas judgment entry granting appellees', Michael Terveer, D.D.S. ("Dr. Terveer") and Rinardo Scarro, D.D.S. ("Dr. Scarro"), motion for summary judgment.
Appellant had been receiving dental care from Dr. Terveer until December 12, 1994, and from Dr. Scarro until November 30, 1995. On approximately December 22, 1995, appellant was treated by Ronald Micchia D.D.S. ("Dr. Micchia") and was informed for the first time that he had generalized periodontal disease, which included the loss of bone supporting his teeth. On July 10, 1996, Dr. Fred Rosenberg ("Dr. Rosenberg") treated appellant and indicated that the injury from his condition would result in him losing multiple teeth and requiring gum surgery and restorative care in the form of implants.
On January 21, 1997, appellant filed a complaint against appellees and Dr. Micchia for dental malpractice, claiming that they were negligent in properly treating and diagnosing his periodontal disease. Dr. Micchia was later voluntarily dismissed from the action by appellant.
As related by the trial court in its May 28, 1998 judgment entry, appellant, in his deposition, which was submitted in support of appellees' motion for summary judgment, testified that during the period of time in which he was being treated by Dr. Terveer he, "started wondering at that time about [his] whole dental treatment" because he had "teeth loose." Appellant further testified that he was dissatisfied with Dr. Teveer's treatment prior to having his first tooth pulled and prior to his visit with Dr. Micchia. Additionally, he stated in his deposition that early in his treatment with Dr. Micchia, on or about December 22, 1995, he "was aware that there was a problem and [of] the condition of [his] teeth."
On March 31, 1998, appellees filed a joint motion for summary judgment on the basis that appellant instituted the cause of action after the statute of limitations had expired. On May 28, 1998, the trial court issued a judgment entry granting appellees' motion.
In its entry, the trial court stated that the statute of limitations for a dental malpractice claim was governed by R.C.2305.11(A), which required all claims to be commenced within one year after the cause of action accrued. The lower court ultimately decided that the cause of action began to accrue against Dr. Terveer on December 12, 1994, and Dr. Scarro on November 30, 1995, under the "termination" rule, since appellant terminated his treatment with each party on those respective dates. Under the "cognizable event" rule (a.k.a. "discovery" rule), the trial court concluded that a "cognizable event" occurred at least by December 22, 1995, when appellant was told by Dr. Micchia that he had periodontal disease and bone loss.
On December 31, 1998, appellant timely filed the instant appeal, raising the following error:
 "The trial court erred in granting [appellees'] motion for summary judgment."
In positing the assigned error, appellant contends that summary judgment should not have been granted in favor of appellees because the statute of limitations had not expired when his complaint was filed. Appellant claims that he had no idea of what the resulting injury would be from his condition until he met with Dr. Rosenberg on July 10, 1996. Thus, appellant claims that under the cognizable event rule, the statute of limitations did not begin to run until July 10, 1996 and, thus, his complaint was timely filed.
As the issue to be resolved in this matter concerns whether the trial court erred in granting summary judgment in favor of appellees, the standards to be applied in a summary judgment issue must be outlined. Pursuant to Civ.R. 56(C), a party is entitled to summary judgment if he or she demonstrates that there exists no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. See, also, Dresher v. Burt (1996),75 Ohio St.3d 280, 296. Summary judgment can not be rendered unless "reasonable minds [could] come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." Civ.R. 56(C). The party moving for summary judgment bears the burden of showing that no genuine issue exists as to any material fact. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. Consequently, the nonmoving party is forced to produce evidence on any issue for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 111.
In an action for medical malpractice, a claimant must file a complaint within one year from the date in which the cause of action accrued. R.C. 2305.11(B)(1). Pursuant to R.C. 2305.11, the statute of limitations begins to run either when "(1) the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (2) when the physician-patient relationship for the condition terminates, which occurs later." Akers v. Alonzo (1992), 65 Ohio St.3d 422,424-425. Under the first standard, the "discovery" or "cognizable event" rule, which is the only issue appealed in this case, the statute of limitations will begin to run when a "noteworthy [cognizable] event * * * which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place." Allenius v. Thomas (1989),42 Ohio St.3d 131, 134.
In Flowers v. Walker (1992), 63 Ohio St.3d 546, syllabus, the Supreme Court of Ohio held that a cognizable event "imposes upon the plaintiff the duty to (1) determine whether the injury suffered is the proximate result of malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors." The court further held that in determining whether a cognizable event has occurred, the trial court should consider three factors:
 "* * * (1) when the injured party became aware, or should have become aware, of the extent and seriousness of his condition; (2) whether the injured party was aware, or should have been aware, that the condition was related to a specific professional service that he previously received; and (3) whether such condition would put a reasonable person on notice of the need to inquire into the cause of his condition." Id.
at 548.
Finally, the Flowers court stated that "constructive knowledge of the facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery [cognizable event] rule." Id. at 549. A plaintiff bringing an R.C. 2503.11 medical malpractice action need not have discovered all the pertinent facts necessary to file a claim to trigger the running of the statute of limitations. Id. Instead, a cognizable event puts the plaintiff on notice to conduct an investigation into the facts and circumstances relevant to his or her claim.Id.
In the instant matter, appellant stated that during his treatment with Dr. Terveer that he was "wondering" about his "whole dental treatment." He further related that he had been dissatisfied with Dr. Terveer's treatment prior to having his tooth pulled by a third dentist, Dr. Micchia, which occurred on or after December 22, 1995. Additionally, appellant testified that early during his treatment regimen with Dr. Micchia, he was aware that there were problems with the condition of his teeth. Most importantly, however, is the fact that on approximately December 22, 1995, he was informed by Dr. Micchia, whom he had visited after being treated by Dr. Terveer and Dr. Scarro, that he had generalized periodontal disease which included the loss of bone supporting his teeth.
In determining when a cognizable event had occurred, the trial court concluded that such event had occurred "at least by December 22, 1995" when he was informed by Dr. Micchia about his periodontal disease and bone loss. Under Akers and Flowers, Dr. Micchia's consultation with appellant concerning his periodontal disease and resulting bone loss constituted a cognizable event because, at that time, he knew the extent and seriousness of his condition and the resulting injury. In addition, due to the fact that appellant had testified as to the fact that he had been treated by Dr. Terveer and Dr. Scarro prior to Dr. Micchia and had stated that he was dissatisfied with Dr. Terveer's care and that, upon meeting with Dr. Micchia, he was informed that there were problems with his teeth, he should have known, or did know, that an improper medical treatment or diagnosis had taken place. Consequently, a cognizable event had occurred under Allenius.
Appellant's claim that he had no idea of what the resulting injury would be from his condition until he met with Dr. Rosenberg on July 10, 1996, unfortunately runs contrary to the law in Ohio. Although appellant may not have known that his condition would require gum surgery and retroactive care until meeting with Dr. Rosenberg, the Flowers decision shows that a person who knows that he has a certain condition has the duty to inquire into the cause and facts of such situation. Indeed, Flowers states that a plaintiff bringing an R.C. 2503.11 medical malpractice action need not have discovered all of the pertinent facts to have started the running of the statute of limitations. Here, Dr. Micchia's diagnosis adequately informed appellant of his ailment and resulting injury. Thus, the statute of limitations began to run no later than December 22, 1995, which was the date that Dr. Micchia informed appellant of his condition.
In reviewing the preceding analysis in terms of whether the trial court erred in granting summary judgment, we conclude that there was no error on the part of the lower court. Appellees were entitled to summary judgment because reasonable minds could only conclude that the one year statute of limitations had expired on December 22, 1996, which was before the complaint was filed, and that, therefore, appellant's cause of action could not succeed. Accordingly, appellant's assignment of error is not well-taken.
For the foregoing reasons, appellant's assignment of error is without merit and the judgment of the Lake County Court of Common Pleas is affirmed.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.