OPINION
This timely appeal arises from the judgment of the Mahoning County Court of Common Pleas granting summary judgment in favor of Appellee after concluding that Appellant's medical malpractice action was time barred by the applicable statute of limitations. For all of the following reasons, this Court reverses the lower court's ruling.
The following relevant facts are not disputed by the parties. On May 12, 1995, Margaret Kollmorgan ("Appellant") fell and injured her left hip. She was taken to St. Elizabeth Hospital Medical Center where she was diagnosed as having sustained a fracture. Dr. Raghavan ("Appellee") was called in for a consultation and on May 14, 1995, performed an open reduction, internal fixation to stabilize the fracture. One week later, Appellant was transferred to Austinwoods Nursing Home for rehabilitation and physical therapy. Appellee continued to monitor Appellant's progress through in-office visits.
On October 27, 1995, Appellee performed X-rays which indicated that Appellant would require a total hip replacement. On November 10, 1995, Appellant was readmitted to St. Elizabeth Medical Center by Appellee for removal of the previously implanted screws and for the placement of a prosthetic hip. During the surgery, however, Appellee determined that it would be impossible to correctly place the prosthesis apparently due to Appellant's inability to flex her knee. Appellee planned to re-attempt the prosthetic implantation again after six to eight weeks. (Deposition Transcript, pp. 7-10).
On December 8, 1995, Appellee informed Appellant that she would require additional bone grafting and that Appellee would refer her to Dr. Kraay in Cleveland, Ohio. On January 22, 1996, Dr. Kraay examined Appellant and scheduled surgery. The surgery took place on April 9, 1996, and Dr. Kraay was able to successfully graft the required amount of bone and to correctly place the prosthetic hip. (Deposition Transcript, pp. 11-14).
On April 3, 1997, Appellant notified Appellee of her intent to pursue a legal claim pursuant to R.C. § 2305.11 (B) (1) and on September 26, 1997, Appellant filed her complaint alleging medical malpractice against Appellee. Subsequently, Appellee filed a Motion for Summary Judgment asserting that Appellant's medical malpractice claims were time barred by the applicable statute of limitations. By way of Judgment Entry dated May 28, 1998, the trial court sustained Appellee's motion and dismissed Appellant's complaint.
It is this judgment which forms the basis of the present appeal. In her sole assignment of error, Appellant argues that:
 "THE TRIAL COURT ERRED IN ITS DECISION THAT PLAINTIFF'S COMPLAINT IS TIME BARRED."
As this case was disposed of by way of summary judgment, a brief recitation of the applicable standard of appellate review is appropriate. When reviewing a trial court's decision to grant summary judgment, we review the evidence de novo and apply the same standard used by the trial court. Varisco v. Varisco
(1993), 91 Ohio App.3d 542, 543, citing Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829; Bell v. Horton
(1996), 113 Ohio App.3d 363, 365. In addition, summary judgment under Civ.R. 56 is only proper when the movant demonstrates that:
 "(1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds could come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346. These factors make it clear that summary judgment should be granted with caution, being careful to resolve doubts in favor of the nonmoving party. Id.
The party seeking summary judgment has the initial burden of informing the court of the motion's basis and identifying those portions of the record showing that there are no genuine issues of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must be able to point to some evidence of the type listed in Civ.R. 56 (C) that affirmatively demonstrates that the nonmoving party has no evidence to support its claim.Id.
If this initial burden is met, the nonmoving party has a reciprocal burden to, "* * set forth specific facts showing that there is a genuine issue for trial and, if the non-movant does not respond, summary judgment, if appropriate, shall be granted." Id.
In Ohio, a medical malpractice claim is subject to the statute of limitations set forth in R.C. § 2305.11 (B) (1) which provides as follows:
 "Subject to division (B) (2) of this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the action accrued, except that, if prior to the expiration of that one-year period a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.
This Court has previously explained that the "discovery rule" is utilized to determine when that one-year statute of limitations begins to run. Specifically we noted that:
 "In a medical malpractice case, the statute of limitations starts to run upon the occurrence of a cognizable event. The occurrence of a cognizable event imposes upon the plaintiff the duty to (1) determine whether the injury suffered is the proximate result of malpractice and (2) ascertain the identity of "the tortfeasor."
 Taylor v. Brocker (1996), 111 Ohio App.3d 80, 87, quoting,Flowers v. Walker (1992), 63 Ohio St.3d 546. Furthermore:
 "a `cognizable event' is the occurrence of facts and circumstances which lead, or should lead, the patient to believe that the physical condition or injury of which she complains is related to a medical diagnosis, treatment or procedure that the patient previously received."
Flowers, supra at 549.
In support of the request for summary judgment at issue here, Appellee attached a copy of Appellant's deposition transcript of particular relevance is the following dialogue:
 "Q. After the conclusion of that surgery, were you aware that this had taken place? And by "this," I mean that he had removed your hip?
 "A. Yes, he told me — when I came to, he came in the hospital room and he said, I didn't realize your knee wasn't bendable, and I couldn't put the replacement in.
 "Q. And is that when you discovered that something had gone wrong during the procedure?
"A. And he said that he had cut off the 3 inches.
 "Q. And is that when it came to your mind that negligence or malpractice had occurred?
 "A. Well, I told him at that time, I said, I "told you that my knee was not bendable.
 "Q. So in your mind, based on what he had done then, that's when he had done something that was negligent?
 "A. Right. If he had listened to me when I was telling him my knee was not bendable, he should have known that and maybe sent me to Dr. Kraay that he later sent me to at that time.
 "Q. But is it fair to say that even before you got to Dr. Kraay, you knew that negligence or malpractice had occurred?
"A. Yes, I guess so, because he just didn't listen to me."
(Deposition Transcript, pp. 8-9)
Appellee argues that Appellant's deposition testimony establishes that the `cognizable event' triggering the statute of limitations occurred on November 10, 1995, when Appellant awoke from surgery and was informed by Appellee that he was unable to place the prosthetic hip. As Appellee asserts that the one year statute of limitations began to run on that date, Appellee maintains that Appellant's September 26, 1997, complaint was not timely filed.
Having met his evidentiary burden pursuant to Civ.R. 56 (e), the burden shifted to Appellant to set forth specific facts showing that there was a genuine issue for trial. To meet her burden, Appellant presented her own affidavit where she averred that the `cognizable event', for statute of limitations purposes, did not occur until April of 1996 when Dr. Kraay operated on her hip. Appellant argues that it was after Dr. Kraay's procedure when she, "learned that the ongoing problems [she] was having with [her] hip were related to [Appellee's] improper care." (Appellant's affidavit, April 30, 1998) Appellant maintains that the question as to when she became aware of her injury for statute of limitations purposes evidences a dispute as to a material fact which precludes disposition by way of summary judgment. We must agree with Appellant's conclusion.
It is clear that at first blush, Appellant's affidavit attached to her response to Appellee's motion for summary judgment conflicts with her prior deposition testimony. This Court is also mindful that in Turner v. Turner (1993), 67 Ohio St.3d 337, at paragraph one of the syllabus, the Ohio Supreme Court held that when a litigant's affidavit in support of a motion for summary judgment is inconsistent with his prior deposition testimony, summary judgment is improper because there exist questions of credibility that can be resolved only by the trier of fact.
The Turner holding, however, has been generally limited to situations where it is the moving party submitting conflicting affidavit and deposition testimony. See, e.g., Fiske v. Rooney
(1998), 126 Ohio App.3d 649, 660-61; Retterer v. Whirlpool Corp.
(1996), 111 Ohio App.3d 847, 853; Push v. A-Best Products, Co.
(Apr. 18, 1996), Scioto App. No. 94CA2306, unreported. In this case it is the non-moving party who has presented conflicting testimony. This Court has previously held that:
 "Where an affidavit is inconsistent with affiant's prior deposition testimony as to material facts and the affidavit neither suggests affiant was confused at the deposition nor offers a reason for the contradictions in her prior testimony, the affidavit does not create a genuine issue of fact which would preclude summary judgment."
Pace v. GAF Corp., (December 18, 1991), Jefferson App. No. 90-J-49, unreported. Likewise, in Fiske, supra, the court determined that a "non-moving party cannot defeat a motion for summary judgment by submitting an affidavit which, withoutexplanation, directly contradicts his previous deposition testimony." Id. at 661, (emphasis in original). See also,Sheidler v. Norfolk Western Ry. (Sept. 16, 1994), Lucas App. No. L-93-336, unreported; Musial v. Tamarkin Co. (September 1, 1994), Mahoning App. No. 93 CA 40, unreported; Jones v.Hoisington (February 2, 1988), Franklin App. No. 87AP-570, unreported.
In the case at bar, however, Appellant explained the inconsistency between her deposition testimony and that which was contained in her affidavit by stating:
 "The deposition testimony which I gave on February 11, 1998 was after I had an opportunity to reflect on the health care which was provided to me over the past three years and was given in hindsight."
(Appellant's Affidavit, No. 7)
As Appellant attempted to explain the apparent inconsistency between her affidavit and her deposition testimony, she was entitled to have the affidavit considered by the trial court. Civ.R. 56 (C) clearly indicates that evidence must be construed in the light most favorable to the party defending against summary judgment. As such, Appellant was entitled to have any conflicting evidence construed in her favor. Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84, 88
(holding that court of appeals erred by ignoring portions of affidavit which conflicted with affiant's earlier deposition testimony).
The factual dispute thus created is at what point in time Appellant became aware of her injury such that a `cognizable event' occurred which triggered the statute of limitations. Appellant seems to agree in her deposition testimony that it was on November 10, 1995. However, she alleged in her affidavit that it was following her surgery in April of 1996 that she realized the nature of her injury. The resolution of that conflict implicates various issues of credibility which are within the exclusive province of the trier of fact. As such, we are unable to say that reasonable minds could come to but one conclusion and that that conclusion is necessarily adverse to Appellant's claim. Accordingly, we find merit in Appellant's sole assignment of error that sufficient issues of fact were raised to meet the bare minimum necessary to withstand summary judgment.
For all of the foregoing reasons, this Court sustains Appellant's assignment of error and remands this matter to the trial court for further proceedings according to law and consistent with this opinion.
Cox, P.J., and Donofrio, J., concurs.
APPROVED:
 ________________________ CHERYL L. WAITE, JUDGE