DECISION AND JOURNAL ENTRY
Appellants Tina and Peter Yaceczko have appealed from the Summit County Common Pleas Court's entry of summary judgment in favor of Appellees Bijon Roy, M.D., and Akron Radiology, holding that the medical malpractice statute of limitations had expired. This Court affirms.
 I.
On April 19, 1996, Appellant Peter Yaceczko ("Peter") was admitted to the Akron City Hospital emergency room exhibiting signs of a possible stroke. He was examined by Dr. Ross Henschen. In order to determine whether Peter needed to be admitted to the hospital, Dr. Henschen ordered a CT scan of Peter's head. After receiving the results of the CT scan and interpreting the same, Dr. Henschen concluded that there was no evidence of an acute infarct.[1] Dr. Henschen memorialized his interpretation in a written report. As a result of his analysis, Dr. Henschen decided that there was no reason to admit Peter to the hospital, and he was released.
Later that day, Appellee Dr. Bijon Roy, a radiologist, gave a second interpretation of the CT scan, which was also reduced to a written report. This interpretation showed an acute infarct to be present.
Peter was admitted to Akron General Medical Center two days following his visit to the Akron General Hospital emergency room. He was treated for an apparent stroke.
On January 24, 1997, Appellants filed a medical malpractice action which named several defendants, including Dr. Henschen and seven John Doe defendants. The allegations in the complaint revolved around Peter's April 19, 1996 emergency room visit. Specifically, Appellants alleged that Peter's April 21, 1996 stroke and the concomitant injuries were the result of defendants' medical malpractice on April 19, 1996. On February 2, 1998, the case was voluntarily dismissed pursuant to Civ.R. 41(A)(1).
One year later, on February 2, 1999, the case was refiled. At that time, the case named only one defendant, Dr. James K. Salem. Significantly, the case named no John Doe defendants to be identified at a later date. It was not until July 29, 1999 that Appellants learned that two conflicting interpretations of the CT scan existed. Appellants filed an amended complaint on October 14, 1999, which added Appellees, among others, as new defendants.[2] Appellees filed a motion to dismiss, arguing that the statute of limitations had expired. The trial court converted this motion to dismiss into a motion for summary judgment and ruled in favor of Appellees, holding that Appellants knew or should have known that Peter's condition was related to the diagnosis rendered by Dr. Roy and Akron Radiology, Inc. on April 19, 1996. Appellants timely appealed to this Court, asserting one assignment of error.
 II. The trial court erred in granting [Appellees'] motion for summary judgment on the issue of the statute of limitations in a medical malpractice claim.
 In their sole assignment of error, Appellants have challenged the trial court's determination that the medical malpractice statute of limitations had expired prior to the refiling of their complaint, thus barring the lawsuit as a matter of law. Essentially, Appellants have argued that their claim did not accrue, thus triggering the statute of limitations in this case, until July 29, 1999, when Appellants discovered the existence of two conflicting interpretations of Peter's CT scan. In response, Appellees have argued that the claim accrued on April 19, 1996, when the two conflicting CT scan reports were available for review and, therefore, that the statute of limitations had expired with respect to Appellees well before the time Appellants added Appellees to the case as new defendants. In short, the issue presented is whether the statute of limitations commenced to run on April 19, 1996, when the reports concerning the two conflicting CT scan interpretations became available for review.
 Summary Judgment Standard
In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826,829. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293-294; Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429. Then, and only then, there is a reciprocal burden on the nonmoving party to respond by showing that there are genuine issues of material fact to be tried. Dresher,75 Ohio St.3d at 294; Vahila, 77 Ohio St.3d at 430. In this case, the facts are undisputed. Thus, while this Court's review is de novo, only the trial court's application of the law remains at issue.
 Medical Malpractice Statute of Limitations
The statute of limitations for a medical malpractice claim in Ohio is set forth in R.C. 2305.11(B)(1). That section provides, in pertinent part:
 [A]n action upon a medical * * * claim shall be commenced within one year after the cause of action accrues, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.
 The Ohio Supreme Court has stated that a cause of action for medical malpractice accrues and the R.C. 2305.11 limitations period begins to run either (1) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (2) when the physician-patient relationship for the condition terminates, whichever occurs later. Oliver v. Kaiser Community Health Found. (1983), 5 Ohio St.3d 111, syllabus and Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph one of the syllabus. In Akers v. Alonzo
(1992), 65 Ohio St.3d 422, 425, the Ohio Supreme Court clarified the analysis and observed that the occurrence of a "cognizable event" will trigger the running of the statute of limitations. The court noted that a "cognizable event" is "some noteworthy event * * * which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place." Id., citing Allenius v. Thomas (1989), 42 Ohio St.3d 131, 134. "The occurrence of a `cognizable event' imposes upon the plaintiff the duty to (1) determine whether the injury suffered is the proximate result of malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors." Flowers v. Walker (1992), 63 Ohio St.3d 546, syllabus. Thus, once a patient becomes aware of an injury, it is incumbent on that individual to investigate his or her case completely.
In Van Boxel v. Norton Family Practice (Apr. 28, 1999), Summit App. No. 19229, unreported, the facts of which are similar to those of the instant case, the appellant saw Dr. Lohmeyer at Norton Family Practice during January 1991, after having experienced lower back pain. Dr. Lohmeyer x-rayed her lumbar spine and sent the results to Barberton Citizens Hospital for interpretation. Dr. Wu reviewed the x-rays and sent the report back to Dr. Lohmeyer. During August 1993, the appellant went to Dr. Stokes, also of Norton Family Practice. Following that visit, she was admitted to the hospital for acute pyelonephritis[3]. At that time, Dr. Stokes ordered the x-rays that were interpreted by Dr. Wu during 1991. On August 7, 1993, due to severe infection, the appellant had one kidney removed. During January 1995, appellant filed a complaint against Dr. Stokes and Norton Family Practice. By June of 1994, the appellant's attorney knew of the existence of the x-rays at Norton Family Practice and knew that these x-rays could be inspected. Moreover, at that time, the appellant's attorney was in possession of Dr. Wu's report that was part of the appellant's medical records. On May 19, 1995, the complaint against Dr. Stokes and Norton Family Practice was voluntarily dismissed. On May 15, 1996, appellant refiled her complaint against Dr. Stokes and Norton Family Practice. Appellant also added Dr. Lohmeyer, Dr. Wu, and Ulrich Morris Doctors Co., Inc. as new defendants. Upon settlement, the claims against Dr. Stokes, Dr. Lohmeyer, and Norton Family Practice were dismissed. Dr. Wu and Ulrich Morris Doctors Co., Inc., the remaining defendants, moved for summary judgment based on the statute of limitations, and the trial court entered judgment in favor of the defendants. On appeal, the appellant maintained that the trial court erred in granting summary judgment because a genuine material fact existed with respect to when appellant discovered or should have discovered the cause of action for medical malpractice against the defendants. The appellant argued that she could not have discovered her claim against Dr. Wu until April 24, 1996, when her expert witness reviewed Dr. Wu's report concerning her x-rays. This Court disagreed and concluded that, based on the facts and circumstances of the case, including the fact that the appellant had the opportunity to discover Dr. Wu's existence as a torfeasor at the time of the filing of the first malpractice suit, the appellant should have discovered the medical malpractice claim well before one year prior to the submission of her amended complaint. Van Boxel, supra, at 6-7.
In the instant case, the trial court properly determined that the statute of limitations had expired. Because the information regarding the two conflicting interpretations of the CT scan was available at Akron City Hospital for Appellants to discover and/or review on April 19, 1996, Appellants could have easily encountered the same in the exercise of reasonable care and diligence. From the outset of a medical malpractice case, it is the plaintiff's duty to carefully and promptly discover all relevant evidence within the timeframe enacted by the legislature, which is the statute of limitations. Therefore, the "cognizable event," which triggered the running of the statute of limitations in this case, occurred on April 19, 1996. As a result of the savings statute, Appellants had until February 2, 1999 to name Appellees as defendants. Because Appellants' medical malpractice case was not brought against Appellees until well after that time, the trial court was correct in granting summary judgment in favor of Appellees.
 III.
Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BAIRD, P. J., CARR, J., CONCUR
[1] An area of dead tissue in an area of the brain caused by a lack of blood flow to that area.
[2] The other defendants in this case are no longer involved in this matter and are not part of the instant appeal.
[3] Acute pyelonephritis is a severe infection of the kidney and ureters, the ducts that carry urine away from the kidney.