[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiffs-appellants David and Cassie Demerle appeal from the trial court's entry of summary judgment for defendant-appellee, attorney Tobin C. Griffeth, on their claim of legal malpractice filed on July 31, 2001. In their sole assignment of error, the Demerles argue that because they did not learn of the full extent of injury caused by Griffeth's questionable legal advice until June 2001, the trial court erred in determining that they filed their malpractice action outside the one-year statute-of-limitations period. We disagree and affirm the judgment of the trial court.
{¶ 3} The Demerles engaged Griffeth to pursue the filing of personal bankruptcy. In late 1999, Griffeth erroneously advised the Demerles that they could cease making mortgage payments on their home because of an error in the recording of the mortgage. In response, the Demerles did not make their $868 payment from January 2000 through July 2000.
{¶ 4} In their March 2000 bankruptcy petition, the Demerles' listed their mortgagee as an unsecured nonpriority creditor. On June 15, 2000, the bankruptcy court's order converted the mortgagee's interest to that of a secured creditor with priority and lifted the stay. The Demerles did not have the means to become current on their delinquent mortgage payments.
{¶ 5} On July 5, 2000, Griffeth informed the Demerles that his legal advice to cease making mortgage payments was wrong. On July 11, 2000, the Demerles received a letter from Griffeth informing them that the mortgagee might not agree to a new payment plan and that it was entitled to all delinquent mortgage payments. In response to this letter, the Demerles retained new counsel.
{¶ 6} A legal malpractice claim must be filed within one year of the date the claim accrues. See R.C. 2305.11(A). A malpractice action accrues on the later of two dates: (1) the termination of the attorney-client relationship for the particular transaction or undertaking in question, or (2) a cognizable event by which the client discovers or in the exercise of reasonable diligence should discover the injury giving rise to the claim and is put on notice of the need to pursue possible remedies against the attorney. See Zimmie v. Calfee,Halter Griswold (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, syllabus. The cognizable event is defined as an event that puts the client on notice to investigate the facts and circumstances relative to his claim in order to pursue his remedies. See Flowers v. Walker (1992),63 Ohio St.3d 546, 549, 589 N.E.2d 1284.
{¶ 7} The client need not be aware of the full extent of injury caused by the attorney's negligent act. It is enough that there is some noteworthy event that would alert a reasonable person that she has been "appreciably and actually damaged" as the result of "a questionable legal practice." Zimmie v. Calfee, Halter Griswold at 58, 538 N.E.2d 398; see, also, Rosenberg v. Atkins (Oct. 5, 1994), 1st Dist. No. C-930259.
{¶ 8} The Demerles do not dispute that they terminated the attorney-client relationship with Griffeth on or before July 20, 2001 — more than one year before the filing of this action. They contend that it was sometime afterwards that they appreciated that they had been injured or damaged. Construing the facts in a light most favorable to the Demerles, and viewing the inferences to be drawn from these facts, reasonable minds can come to but one conclusion, and that is that the June 15 bankruptcy order lifting the stay, Griffeth's July 5 letter, and his July 11 letter were each cognizable events that should have put a reasonable person on notice of the damage or injury caused by Griffeth's error. We agree with the well-reasoned written decision of Judge Crush that the Demerles' malpractice claim against Griffeth accrued no later than July 11, 2001, and therefore that the claim, filed on July 31, 2002, was time-barred. Griffeth was entitled to judgment as a matter of law. See Civ.R. 56(C); see, also, Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107, 662 N.E.2d 264. The assignment of error is overruled.
{¶ 9} Therefore, the judgment of the trial court is affirmed.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
{¶ 11} Doan, P.J., Gorman and Sundermann, JJ.