OPINION
{¶ 1} Plaintiffs-appellants, Linda and Eugene Schalk, appeal a decision of the Butler County Court of Common Pleas, granting summary judgment to defendants-appellees, Dr. David Fallang, Surgical Weight Loss Center and Middletown Regional Hospital, in a medical malpractice action.
 {¶ 2} Linda Schalk contacted Dr. Fallang's office, Surgical Weight Loss Center, in the spring of 1999 regarding a new procedure the doctor was performing that would help her lose weight. Schalk attended an informational seminar, given by Dr. Fallang, discussing the gastric bypass surgery, which is commonly known as stomach stapling. Schalk had previously undergone two gastric bypass surgeries. She had pre-surgery testing done, and on May 18, 1999 underwent surgery with Dr. Fallang.
 {¶ 3} The day after her surgery, Schalk began to develop pain in an area different from the surgery. After testing, it was determined that Schalk had developed an infection in her lung, and a specialist, Dr. Vuong, was called in to treat her for the condition. Schalk was released from the hospital on June 9, 1999. She saw Dr. Fallang for a postoperative follow-up visit on June 17, 1999.
 {¶ 4} Appellees were served with 180-day letters from Schalk on July 13, 2000. Schalk and her husband filed a complaint against appellees on January 10, 2001. Appellees moved for summary judgment alleging that appellants' complaint was not filed within the statute of limitations. In a written decision, the trial court found that appellants' complaint was not filed within the medical malpractice statute of limitations and granted summary judgment to appellees.
 {¶ 5} Appellants now appeal the trial court's decision to grant summary judgment. In a single assignment of error, appellants contend that the trial court erred in granting summary judgment in favor of appellees.
 {¶ 6} Summary judgment is appropriate pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. The party seeking summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claim. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. "[I]f the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate shall be entered against the nonmoving party." Id. Our standard of review on summary judgment is de novo. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440.
 {¶ 7} R.C. 2305.11 provides that an action for medical malpractice must be commenced within one year after the cause of action has accrued. R.C. 2305.11(B)(1). A cause of action for medical malpractice accrues either "(1) when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (2) when the physician-patient relationship terminates, whichever occurs later." Akers v. Alonzo, 65 Ohio St.3d 422, 424-25, 1992-Ohio-66. If, prior to the expiration of the one-year period, a claimant gives notice to the potential defendant that he is considering legal action, a claim is timely if it is brought within 180 days of the notice. R.C. 2305.11(B).
 {¶ 8} The trial court found that Schalk should have discovered the alleged malpractice on May 19, 1999, the day after her surgery. The trial court further found that the doctor-patient relationship terminated on June 17, 1999. The trial court concluded that because Schalk's 180-day letter was not served on appellees until July 13, 2000 it was not received within the statute of limitations and the claim was untimely.
 {¶ 9} We begin by determining at what point Schalk discovered, or in the exercise of reasonable care, should have discovered the injury. The Ohio Supreme Court has further described this element as the occurrence of a "cognizable event." Allenius v. Thomas (1989),42 Ohio St.3d 131. A "cognizable event" is "some noteworthy event * * * which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place." Id. "The occurrence of a cognizable event imposes upon the plaintiff the duty to (1) determine whether the injury suffered is the proximate result of malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors." Flowers v. Walker (1992), 63 Ohio St.3d 546, syllabus.
 {¶ 10} In this case, Schalk testified in a deposition that she expected to be in the hospital three days after her surgery and she suspected that something had gone wrong when she had to stay longer. She further testified that she thought something had gone wrong the day after the surgery because she was in a lot of pain. When asked, "And that was the first time that it occurred to you that perhaps there had been a misadventure?" Schalk responded "yes." Schalk also stated that she decided to stop seeing Dr. Fallang and to see another doctor "probably after a week" after her surgery because she felt he wasn't giving her the proper care. She stated that on the day after the surgery, she felt something had gone wrong because the pain was in a different area than the site of the surgery.
 {¶ 11} Given this testimony, we find that Schalk was aware on May 19, 1999, the day after her surgery, that something had possibly gone wrong. At that point it was her duty to investigate whether her injury was the result of malpractice. Flowers at 549. Thus, we find a "cognizable event" for statute of limitation purposes occurred on May 19, 1999.
 {¶ 12} Schalk testified that she last visited Dr. Fallang on June 17, 1999 when she went to his office for a follow-up visit. Thus, we find that the doctor-patient relationship terminated on this date. Because the doctor-patient relationship was the later of the two dates, Schalk had until June 17, 2000 to commence an action against appellees, or to serve a 180-day letter. Because the 180-day letter was not served on appellees until after this date, appellants' action was not filed within the statute of limitations.
 {¶ 13} Appellants also argue that Dr. Fallang was out of the state for 15 days between June 17, 1999 and June 17, 2000. Pursuant to R.C.2305.15(A), the statute of limitations is tolled for the period of time in which a person is out of the state, has absconded or conceals himself. However, appellants' action is not timely even if the statute of limitations period is extended 17 days beyond the date the doctor-patient relationship terminated.
 {¶ 14} Appellants argues on appeal that the "cognizable event" occurred when Schalk found out that Dr. Fallang had misrepresented her weight and height on his records. She argues that because her actual height and weight do not meet the standards for insurance company payment, the surgery was unnecessary. However, she fails to explain how the alleged unnecessary nature of the surgery caused her injury. In her deposition, Schalk testified that she was suing Fallang because she "had complications afterwards and I felt like I was never healed properly." She continued by stating that "I don't feel like I was taken care of properly with Dr. Fallang. I think he could have done better. I don't feel like I was given the proper care. * * * I think he could have probably ordered things done sooner and not waited until it was requested by the family." Furthermore, Schalk wanted to have the surgery because she was gaining weight, and Dr. Fallang testified that, because of her previous two surgeries, Schalk was still a proper candidate for the surgery. Thus, any factual issues with regard to misrepresentation of Schalk's height and weight on Dr. Fallang's records are not material to the alleged medical malpractice.
 {¶ 15} Finally, appellants contend that the doctor-patient relationship with Middletown Regional Hospital did not end until September 1999. Apparently Schalk continued treatment with Dr. Vuong until September 1999. However, Schalk's claims of malpractice are related to her treatment in the hospital by Dr. Fallang, not Dr. Vuong. Schalk testified that she was happy with the care she received from Middletown Regional Hospital, and that the hospital staff was "good." She stated that her only complaint with the hospital was "the fact that they let him (Dr. Fallang) practice there." Given the fact that appellants' malpractice allegations arise out of Schalk's treatment with Dr. Fallang, we find that the statute of limitations is not extended because of her continued treatment with Dr. Vuong.
 {¶ 16} In conclusion, we find that appellants' complaint was not filed within the one-year statute of limitations. Thus, the trial court did not err in granting summary judgment to appellees. Appellants' assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.