BOSSEY, Appellant,

v.

AL CASTRUCCI, INC., d.b.a. Al Castrucci Honda, et al., Appellees.

[Cite as *Bossey v. Al Castrucci, Inc.* (1995), 105 Ohio App.3d 666.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15113.

Decided Aug. 11, 1995.

*Thomas P. Liptock,* for appellant.

*Timothy C. Sullivan,* for appellees.

WOLFF, Judge.

Harry Bossey appeals from a decision of the Montgomery County Court of Common Pleas granting summary judgment in favor of Al Castrucci, Inc., d.b.a. Al Castrucci Honda ("Castrucci Honda"), and PNC Bank.

The following facts and procedural history are taken from the record in the trial court, including a deposition of Bossey.

On May 22, 1989, Bossey purchased a 1989 Honda Prelude SI from the showroom at Castrucci Honda. The odometer of the car indicated that it had been driven 391 miles, but Bossey was assured by the salesman that the mileage was due simply to transportation between dealerships.

On June 27, 1989, Bossey took the car to Stereo on Wheels to have an alarm installed. A technician at Stereo on Wheels told Bossey in passing that if the car weren't new, he would think the car had been "involved in something." Shortly thereafter, Bossey told the salesman who had sold him the car about the comment made by the Stereo on Wheels employee and asked the salesman whether the car had ever been in an accident. The salesman told Bossey to ignore the Stereo on Wheels employee because he didn't know what he was talking about.

A few weeks later, Bossey noticed a problem with his car alarm and he returned to Stereo on Wheels to have it addressed. He mentioned to the

technician working on the alarm that another technician thought the car might have been involved in something. The second technician indicated that he would tend to agree with the opinion of the first. At his next opportunity, Bossey went to Castrucci Honda and told the salesman that he had been back to Stereo on Wheels and had received the same opinion from another technician. The salesman again responded that the employees of Stereo on Wheels simply didn't know what they were talking about.

During the next few weeks, Bossey brought the car to Castrucci Honda for various repairs and continued to inquire as to whether the car had previously been damaged. He was consistently told that the car had never been involved in an accident. On one of these visits, the salesman asked another, presumably senior, employee to verify to Bossey that the car had never been damaged. That employee reiterated that the car was new and that the Stereo on Wheels employees didn't know what they were talking about. Bossey was assured that he would not have been sold a new car that had been involved in an accident.

During a later visit to the dealership for a major brake repair, Bossey demanded to have Al Castrucci state that the car had not been involved in an accident. Bossey was told that Al Castrucci was not available, but Ken Castrucci came out and told Bossey that there was nothing wrong with the car. From then on, Bossey assumed that the problems he had experienced with the car were normal.

In the first week of August 1993, Bossey took his car to Castrucci Honda to have the tires rotated. The dealership told him that his tires could not be rotated because they were defective, as indicated by the uneven wear on the front tires. When he reported the defect to Grismer Tire, where he had purchased the tires, the manager told him that the tires were not defective. The manager then put Bossey in touch with a former employee of Castrucci Honda, who told Bossey that he knew Bossey's car had been involved in an accident before Bossey bought it and that this fact was known by numerous employees of Castrucci Honda.

On or about August 30, 1993, Bossey obtained a police report confirming that his vehicle had indeed been involved in an accident on or about November 29, 1988, and had sustained damages in excess of $6,000.

Bossey filed a complaint against Castrucci Honda, American Honda Motor Co., Inc., and PNC Bank (from whom Bossey had obtained a loan to purchase the vehicle) on December 1, 1993. That complaint was voluntarily dismissed and Bossey filed the complaint in this action on May 27, 1994, naming the same defendants. Bossey subsequently dismissed American Honda Motor Co., Inc. as a defendant, and he also dismissed two of the eight causes of action. Castrucci Honda and PNC Bank filed a motion for summary judgment, which was granted

by the trial court. Bossey appeals only the disposition of the second count of his complaint, which alleged fraud on the part of Castrucci Honda.

Bossey presents one assignment of error:

"The trial court erred in granting defendants' motion for summary judgment because a genuine issue of material fact existed."

The trial court granted summary judgment against Bossey on his second cause of action, ruling that he had failed to bring his claim within the statute of limitations period. Bossey argues that there was a material issue of fact regarding when he discovered, or should have discovered, the fraud, which, in turn, affects when the period of limitation commences.

Summary judgment is to be granted where "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). Summary judgment is not to be rendered unless "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence * * * construed most strongly in his favor." *Id.*

■■■ The statute of limitations for a fraud claim is four years. R.C. 2305.09(C). The limitations period begins to run when the claimant discovered or, in the exercise of reasonable care, should have discovered the fraud. See *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 179, 546 N.E.2d 206, 209. "[A]ctual discovery, or what might by the exercise of due diligence have been discovered," triggers the running of the limitations period. *Kettering v. Berger* (1982), 4 Ohio App.3d 254, 261, 4 OBR 471, 478, 448 N.E.2d 458, 465. "If by an ordinary degree of prudence the fraud could have been discovered, such opportunity is equivalent to knowledge." *Id.*

■■■ The parties in this case dispute when Bossey discovered, or should have discovered, the fraud. Bossey contends that he discovered the fraud in August 1993, when a former employee of Castrucci Honda informed him that his car had been involved in an accident, and that he should not have been expected to discover it before that time. Castrucci Honda claims that discovery occurred, or should have occurred, in June 1989 when Bossey spoke with technicians at Stereo on Wheels. The trial court agreed with Castrucci Honda and found that Bossey discovered, or should have discovered, the fraud on June 27, 1989.

We find that reasonable minds could differ on the question of when Bossey may be deemed to have discovered fraud on the part of Castrucci Honda. Reasonable minds could conclude, contrary to the judgment of the trial court, that Bossey did not discover, and in the exercise of reasonable care would not have discovered, the fraud more than four years before he filed his complaint.

Bossey attempted to determine the accuracy of the opinions he received at Stereo on Wheels, and was repeatedly told by Castrucci Honda that the employees at Stereo on Wheels didn't know what they were talking about and that the car had not been in an accident. In this case, when Bossey discovered or should have discovered the fraud is a factual question to be decided by a jury. Accord *Doyle v. The Ohio Co.* (Sept. 9, 1994), Clark App. No. 94–CA–16, unreported, 1994 WL 484205; *R. Renaissance, Inc. v. Rohm & Haas Co.* (S.D.Ohio 1987), 674 F.Supp. 591, 595. Because a genuine issue of material fact remained for determination by the trier of fact, summary judgment was not proper.

As an aside, we note that Bossey could have argued that Castrucci Honda was estopped to raise the statute of limitations defense. Bossey could have claimed that when he was told by the technicians at Stereo on Wheels that they thought the car may have been previously damaged, he exercised due diligence in investigating the possibility of fraud by questioning employees of Castrucci Honda. Bossey could have argued that Castrucci Honda's fraudulent concealment in repeatedly assuring Bossey that his car had never been damaged tolled the running of the limitations period. In a negligence case in which the Ohio Supreme Court found that the claimant had not brought her claim within the statute of limitations period, the court noted that "[f]raudulent concealment of either the negligence or the tortfeasor is, of course, another matter. This case does not involve fraudulent concealment." *Flowers v. Walker* (1992), 63 Ohio St.3d 546, 550, 589 N.E.2d 1284, 1288. Other cases have also noted the possibility of an equitable tolling of the statute of limitations as a result of fraudulent concealment on the part of the defendant. See, *e.g., Am. Pipe & Constr. Co. v. Utah* (1974), 414 U.S. 538, 559, 94 S.Ct. 756, 769, 38 L.Ed.2d 713, 729–730; *Akron Presform Mold Co. v. McNeil Corp.* (C.A.6, 1974), 496 F.2d 230, 233; *Militsky v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (N.D.Ohio 1980), 540 F.Supp. 783, 788. This argument was not raised before the trial court, and we, therefore, do not base our decision on equitable estoppel grounds.

The assignment of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

GRADY and FREDERICK N. YOUNG, JJ., concur.