OPINION
Plaintiff-appellant Kimberly Ann Mann appeals the February 22, 2001 Judgment Entry of the Delaware County Court of Common Pleas which granted summary judgment against her. Defendants-appellees are Genoa Township, Genoa Township Board of Trustees, and Mark A. Mazzon.
 STATEMENT OF THE FACTS AND CASE
On July 1, 1990, appellees Genoa Township hired appellant as Assistant to the Clerk of Genoa Township. The clerk of Genoa Township was Jean Evans, appellant's mother. In 1992, the Board of Trustees promoted appellant to Administrative Assistant, the position she held until her resignation in 1998. Appellant was responsible for receiving visitors in the township office, and assisting with zoning-related matters, including issuing zoning permits.
Appellee Mark Mazzon was hired as the Genoa Township Zoning Inspector in 1993. He worked in a small office with appellant and her mother. While working with appellant, Mr. Mazzon recognized a problem with her time sheets. While appellant's time sheets reflected she arrived at the office at 8:30 a.m., Mr. Mazzon noticed appellant usually reported to work at or after 9:00 a.m. This same discrepancy was also noticed by Ms. Elizabeth Krugh, who had complained to Mr. Mazzon about discrepancies on appellant's time sheets.
Mr. Mazzon attempted to speak to appellant directly about the discrepancies in an attempt to amicably resolve the matter which had been causing friction in the office. Because he could not resolve the issue with appellant, Mr. Mazzon brought the matter to the attention of the Township Trustees in March or April of 1997.
Ms. Krugh had also noticed the discrepancies in appellant's time sheets. Because of her concern she prepared and sent a memo to the Genoa Township Trustees. Therein, Ms. Krugh opined appellant and her mother were both misusing their positions.
In a discovery deposition, Ms. Helen Barber, one of the three Genoa Township Trustees, confirmed Mr. Mazzon raised issues with the trustees over appellant's time sheets. However, Ms. Barber also stated Mr. Mazzon raised concern over the inaccuracy of other township employees' time sheets as well.
After receiving the memoranda, Mark Atkeson, a Genoa Township Trustee, reviewed the time sheets. He also saw problems with the time keeping procedure, and therefore recommended changes for the system. The Genoa Township Trustees decided to hire Attorney William Owen to review the policies and procedures regarding expenditures of Genoa Township funds.
Attorney Owen interviewed present and former township personnel and reviewed 1996 and 1997 expenditures and township records associated with the expenditures. Attorney Owen concluded public funds were routinely expended by or at the direction of appellant for purchases not authorized by law. Attorney Owen also concluded appellant personally benefited by the expenditure of public funds.
As part of his investigation, Attorney Owen interviewed Mrs. Laverna Clark. Mrs. Clark was a full-time employee of Genoa Township whose duties included general maintenance and gardening in the Township flower beds. Mrs. Clark stated she was directed by appellant to conduct appellant's personal business on township time. Further, Ms. Clark noted appellant volunteered time at her daughter's elementary school during township business hours. Ms. Clark also stated appellant was paid for the hours she was scheduled to be at her work place although she was volunteering at the elementary school during the same hours. Ms. Clark, a friend of appellant and appellant's mother, volunteered appellant would make up this time by working after hours. Attorney Owen's report noted appellant was regularly reimbursed for overtime.
Based upon his investigation, Attorney Owen advised the township to refer the matter to the auditor of the State and/or to the Delaware County Prosecutor for further investigation of appellant and appellant's mother. Upon the advice of counsel, the appellees sent Attorney Owen's report to the Delaware County Prosecutor.
On December 18, 1998, the Delaware Grand Jury indicted appellant with theft in public office through a continuing course of conduct from January 1, 1997, through May 31, 1997, a violation of R.C. 2921.41(A)(1).
On May 11, 1999, the Delaware County Prosecutor's Office filed a motion to dismiss the criminal case against appellant without prejudice subject to re-submission to the Delaware County Grand Jury. In a judgment entry of the same date, the trial court dismissed the indictment without prejudice subject to representation to the Delaware County Grand Jury.
On November 3, 1999, appellant filed a complaint against appellees. Therein, appellant alleged malicious prosecution against all appellees; negligent supervision against Genoa Township Board of Trustees and Genoa Township; unpaid overtime compensation against Genoa Township; and respondeat superior to allege Mr. Mazzon and Genoa Township Board of Trustees were at all times agents of Genoa Township. Each of the defendants filed an answer and a motion for summary judgment. Appellee Mark Mazzon additionally filed a motion to dismiss.
In their motion for summary judgment, appellees made a number of claims. First, appellees maintained they were entitled to summary judgment on appellant's claim for malicious prosecution because there had been no final termination of the prosecution in favor of the accused. Further, appellees maintained the fact they referred the matter to the prosecutor's office on the advice of counsel was a complete defense to a claim of malicious prosecution. Appellees also argued they were entitled to immunity pursuant to Ohio's Subdivision Tort Immunity Act, as contained in R.C. Chapter 2744. Appellees further contended appellant's claim for overtime pay was barred by the statute of limitations. Because appellees argued they were entitled to summary judgment on appellant's claims for negligent supervision and overtime pay, appellees also maintained appellant's claim for respondeat superior and negligent supervision must be dismissed as derivative claims.
Appellant filed her response to the motion and the matter was set for a non-oral hearing. In a February 22, 2001 Judgment Entry, the trial court granted summary judgment to appellees without explanation of its reasons for so doing.
It is from this judgment entry appellant appeals assigning the following as error:
 THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT ON APPELLANT'S CLAIM FOR MALICIOUS CRIMINAL PROSECUTION BECAUSE THERE ARE MATERIAL QUESTIONS OF FACT CONCERNING EACH ELEMENT OF THE CLAIM.
 THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT ON APPELLANT'S CLAIM FOR MALICIOUS CRIMINAL PROSECUTION ON THE GROUNDS THAT THE CLAIM WAS NOT RIPE.
 THE TRIAL COURT ERRED BY CONCLUDING THAT APPELLANT'S MALICIOUS PROSECUTION CLAIM WAS NOT RIPE AND THEN DISMISSING IT WITH PREJUDICE.
 THE TRIAL COURT ERRED IN THE EVENT IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEES BASED ON ANY FINDING OF PRIVILEGE.
 THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT ON APPELLANT'S CLAIM FOR MALICIOUS CRIMINAL PROSECUTION WHEN THERE IS A MATERIAL QUESTION OF FACT AS TO WHETHER APPELLEES DEVIATED FROM THE ADVICE OF THEIR ATTORNEY.
 THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT BECAUSE POLITICAL SUBDIVISIONS DO NOT HAVE ABSOLUTE IMMUNITY FROM SUIT WHEN THE APPELLANT IS A PUBLIC EMPLOYEE AND THE CASE CONCERNS A MATTER ARISING OUR OF HER EMPLOYMENT.
 THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT ON APPELLANTS CLAIM FOR NEGLIGENT SUPERVISION.
 THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF MARK MAZZON INDIVIDUALLY.
 THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT ON APPELLANT'S CLAIM FOR OVERTIME COMPENSATION BASED ON THE STATUTE OF LIMITATIONS.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.[1] Civ.R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial.[2]
It is based upon this standard we review appellant's assignment of error.
 I, II, III
In appellant's first assignment of error she maintains the trial court erred in granting summary judgment on her claim for malicious prosecution because there were genuine issues of material fact on each element of the claim. In appellant's second assignment of error, she maintains the trial court erred if it granted summary judgment on her claim for malicious prosecution if such a claim was not ripe. In her third assignment of error, appellant argues, in the alternative, if the trial court did grant summary judgment because it found the malicious prosecution claim was not ripe, the trial court then erred in dismissing the case with prejudice.
The tort of malicious criminal prosecution is the right to recover damages for the harm caused to a defendant in a criminal case by the misuse of criminal actions. Criss v. Springfield Twp. (1990),56 Ohio St.3d 82, 84, 564 N.E.2d 440, 442-443. The elements of the tort of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. Id.; Trussell v.Gen. Motors Corp. (1990), 53 Ohio St.3d 142, 559 N.E.2d 732, syllabus.
In examining the meaning of the "favorable termination" element in a criminal malicious prosecution case, the Ohio Supreme Court has stated:
 A proceeding is `terminated in favor of the accused' only when its final disposition indicates that the accused is innocent. Ash v. Ash (1995), 72 Ohio St.3d 520, 522, 651 N.E.2d 945, 947.
"[A]n unconditional, unilateral dismissal of criminal charges or an abandonment of a prosecution by the prosecutor or the complaining witness that results in the discharge of the accused generally constitutes a termination in favor of the accused."[3]
In the matter sub judice, the criminal prosecution was dismissed without prejudice and subject to representation to the grand jury. We find there has been no "termination of the prosecution in favor of the accused"[4] which indicates the accused is innocent. Accordingly, at this time, appellant is unable to prove the tort of malicious prosecution as a matter of law.
We find the trial court could correctly have found summary judgment was appropriate on appellant's malicious prosecution claim because appellant was unable to show a termination of the prosecution in her favor. However, because the prosecution can still re-submit the evidence to the grand jury, we also find the claim was not ripe. We agree with appellant the malicious prosecution claim should be dismissed without prejudice. In the light of the fact we review a motion for summary judgment de novo, and pursuant to Civ. R. 41(B)(4), we reverse the decision of the trial court and dismiss appellant's claim for malicious prosecution without prejudice.
 IV, V, VI
In appellant's fourth assignment of error, she maintains the trial court erred in the event it granted summary judgment in favor of appellees due to a finding of privilege based on either the advice of counsel or on their status as governmental actors. In her fifth assignment of error, appellant contends the trial court erred in granting summary judgment because there was a genuine issue of material fact as to whether appellees actually deviated from the advice of their attorney. In her sixth assignment of error, appellant claims the trial court erred if it granted summary judgment due to political subdivision tort immunity because political subdivision tort immunity does not confer absolute immunity where the plaintiff is a public employee and the case concerns a matter arising out of employment.
We find each of these issues premature in light of our disposition of appellant's third assignment of error.
Appellant's fourth, fifth, and sixth assignments of error are overruled.
 VII
In appellant's seventh assignment of error, she maintains the trial court erred in granting summary judgment on her claim for negligent supervision. Appellees contend there is no authority recognizing a claim of negligent supervision in Ohio.
In order to recover for negligent supervision, a plaintiff must show an employer breached its duty to act reasonably and prudently in supervising its employees.[5] An underlying requirement in actions for negligent supervision is that the employee is individually liable for a tort, or guilty of a claimed wrong against a third person who then seeks recovery against the employer.[6]
In other words, in order for appellant to prevail on her action for negligent supervision, the trial court must find Mr. Mazzon to be liable either individually or as an agent of his employer, for a tort committed in the scope of his employment, i.e., malicious prosecution. Because any claim for negligent supervision is derivative of appellant's claim for malicious prosecution, we find any further discussion of such claims to be premature. However, in light of this finding, we further find the claim for negligent supervision, like the claim for malicious prosecution, should not have been dismissed with prejudice.
Accordingly, we reverse the trial court's finding of summary judgment on appellant's cause of action for negligent supervision, and enter a dismissal of that cause of action without prejudice.
 VIII
In her eighth assignment of error, appellant maintains the trial court erred in granting summary judgment in favor of Mark Mazzon individually. Appellant maintains "the evidence at trial may show appellant acted with such malicious intent he exceeded the scope of his employment," and therefore subjected himself to individual liability. However, as appellees pointed out in their motion for summary judgment, the record was devoid of any actual allegation or fact which might apply to Mr. Mazzon outside the scope of his employment relationship with the township. Further, appellee notes count four of appellant's complaint alleges all of the alleged unlawful conduct of Mr. Mazzon occurred while Mr. Mazzon was acting within the scope of his agency relationship with the township.We find Appellee has pointed to the record to demonstrate the absence of any genuine issue of material fact on any allegation which might apply to Mr. Mazzon as an individual. The burden then shifts to appellant to point to the record to demonstrate such facts as would preclude summary judgment. Because appellant has failed to meet this burden, we find the trial court properly granted summary judgment against appellant on her claim against appellee Mark Mazzon as an individual. Appellant's eighth assignment of error is overruled.
 IX
In her ninth assignment of error, appellant maintains the trial court erred in granting summary judgment on her claim for overtime compensation based on the statute of limitations. Appellant maintains her claim for unpaid overtime began to run in 1997 when she worked the hours in question. However, appellant also claims the trial court should have found the statute of limitations was equitably tolled. We disagree.
R.C. 2305.11(A) provides a two year statute of limitations for claims on unpaid overtime compensation. Appellant maintains equity demands the tolling of the statute of limitations where the defendant conceals the true facts from the plaintiff, citing Bossey v. Al Castrucci, Inc. (1995), 105 Ohio App.3d 666; and Flowers v. Walker (1992),63 Ohio St.3d 546.
We have reviewed Bossey and Flowers, and find them inapplicable to the instant matter. Bossey, dealt with a buyer suing a car dealership for fraud. Flowers, dealt with a patient bringing a medical malpractice against a radiologist. Both cases dealt with tolling the statute of limitations until the injured party learned of the fraud or malpractice.
R.C. 2305.11 states an action for unpaid overtime compensation shall be commenced within two years after the cause of action accrued. However, appellant's claims she did not seek overtime pay because of an alleged agreement she had with trustee Helen Barber. Appellant alleges Barber instructed appellant to fill out her time sheets to indicate appellant worked the same hours every day equaling a forty hour week. According to appellant, this arrangement was reached because there were times when appellant would come in late and work late, or work outside of the office on township business and it would prevent the township from having to pay numerous short overtime claims.
We can find no set of facts, and appellant provides no facts, to demonstrate the township concealed its failure to pay overtime, or that appellant did not learn of the township's failure to pay overtime between 1990 and 1997. Accordingly, we find the doctrine of equitable tolling does not apply to appellant's claim. Appellant's ninth assignment of error is overruled.
The February 22, 2001 Judgment Entry of the Delaware County Court of Common Pleas is reversed in part and affirmed in part. We reverse the trial court's decision insofar as it dismisses appellant's claim for malicious prosecution and negligent supervision against all appellees with prejudice, and enter judgment dismissing appellant's claim for malicious prosecution and negligent supervision without prejudice. We affirm the trial court's grant of summary judgment against appellant in favor of appellee Mark Mazzon, individually, and the trial court's grant of summary judgment against appellant on her claim for unpaid overtime.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed in part and reversed and remanded in part. Appellant's claims for malicious prosecution and negligent supervision against all appellees are dismissed without prejudice. Appellant's claim against appellee Mazzon individually is dismissed. Appellant's claim for overtime compensation is dismissed.
Costs to be divided equally.
Hon. William B. Hoffman, P.J., Hon. W. Scott Gwin, J., Hon. Julie A. Edwards, J., concur.
[1] Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36.
[2] Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
[3] Id. at 522, 651 N.E.2d at 947-948.
[4] See, Id.; Broadnx v. Greene Credit Service (1997),118 Ohio App.3d 888, 889.
[5] Retterer v. Whirlpool Corp. (1996), 111 Ohio App.3d 847, 862.
[6] Strock v. Pressnell (1998), 38 Ohio St.3d 207, 217.