JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Robin Kiefer ("Kiefer"), appeals the trial court's decision granting summary judgment in favor of defendant-appellee, Mark Domo, D.D.S, Inc. ("Domo"). Finding no merit to the appeal, we affirm.
 {¶ 2} In June 2003, Kiefer filed a dental malpractice claim against Domo. During the pendency of the case, Domo moved for summary judgment, which was denied. Kiefer then dismissed her complaint in April 2004. In May 2004, she refiled her claim against Domo alleging that in 2001 he negligently performed a dental procedure which constituted malpractice. Domo again moved for summary judgment, arguing that the action was time-barred because Kiefer did not file her complaint within the applicable one-year statute of limitations. The trial court agreed and granted Domo's motion.
 {¶ 3} Kiefer appeals, raising as her sole assignment of error that the trial court was collaterally estopped from granting Domo's motion for summary judgment.
 {¶ 4} Appellate review of summary judgment is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in Zivich v.Mentor Soccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389,696 N.E.2d 201, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 5} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 6} Kiefer argues that because Domo's motion for summary judgment was denied in the first case, collateral estoppel precluded the trial court in the instant case from granting Domo's motion for summary judgment. We disagree.
 {¶ 7} Collateral estoppel, also known as issue preclusion, bars the relitigation of an issue or fact that was previously determined in a prior action between the same parties or their privies. State ex rel. Stacy v. Batavia Local School Dist. Bd.of Edn., 97 Ohio St.3d 269, 2002-Ohio-6322, 779 N.E.2d 216, citing State ex rel. Shemo v. Mayfield Hts., 95 Ohio St.3d 59,64, 2002-Ohio-1627, 765 N.E.2d 345. "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party in the prior action." Thompson v. Wing,70 Ohio St.3d 176, 1994-Ohio-358, 637 N.E.2d 917.
 {¶ 8} We find that the trial court was not collaterally estopped from granting Domo's motion for summary judgment because no adjudication of any issues occurred when the trial court denied Domo's summary judgment motion in the first case. We take judicial notice that the entry denying Domo's summary judgment in the first case indicated that "material issues of fact exist as to the date plaintiff discovered or should have discovered the injury in question." The denial of summary judgment is not an adjudication of the merits, rather it is an interlocutory order demonstrating that material issues of fact remain which preclude judgment as a matter of law. See, Stevens v. Ackman,91 Ohio St.3d 182, 186, 2001-Ohio-249, 743 N.E.2d 901. Therefore, the court could properly consider Domo's motion for summary judgment in the instant case.
 {¶ 9} Moreover, we find that the trial court did not err in granting Domo's motion for summary judgment. Former R.C. 2305.11
governs the applicable statute of limitations for dental malpractice actions.[1] Subsection (B)(1) provides that an action for medical or dental malpractice must be brought within one year after the cause of action accrues. A cause of action accrues "(a) when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later."Frysinger v. Leech (1987), 32 Ohio St.3d 38, 512 N.E.2d 337, at paragraph one of the syllabus. See, also, Akers v. Alonzo
(1992), 65 Ohio St.3d 422, 424-425, 605 N.E.2d 1, 3.
 {¶ 10} In the instant case, it is undisputed that Kiefer did not bring her dental malpractice claim within one year from the date the physician-patient relationship terminated. However, Kiefer maintains that her claim is timely under the discovery rule.
 {¶ 11} In Hershberger v. Akron City Hosp. (1987),34 Ohio St.3d 1, 516 N.E.2d 204, a three-prong test was established to determine the date that a medical malpractice cause of action accrues under the discovery rule. The trial court must consider: (1) when the injured party became aware, or should have become aware, of the extent and seriousness of his condition; (2) whether the injured party was aware, or should have been aware, that the condition was related to a specific professional service that he previously received; and (3) whether such condition would put a reasonable person on notice of the need to inquire into the cause of his condition. Id. at paragraph one of the syllabus.
 {¶ 12} This discovery rule requires the occurrence of a "cognizable event" which leads or should lead the plaintiff to believe that her condition is related to a medical diagnosis, treatment, or procedure which she previously received, and places (or should place) the plaintiff on notice of the need to pursue her remedies. Olszewski v. Blankfield, Cuyahoga App. No. 83172,2004-Ohio-2564, citing Flowers v. Walker (1992),63 Ohio St.3d 546, 548-49, 589 N.E.2d 1284. See, also, Allenius v. Thomas
(1989), 42 Ohio St.3d 131, 538 N.E.2d 93. "A plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations. Rather, the `cognizable event' itself puts the plaintiff on notice to investigate the facts and circumstances relevant to her claim in order to pursue her remedies." Flowers, supra at 549.
 {¶ 13} Kiefer contends that the "cognizable event" did not occur until October 2003, when her neurologist, Dr. Kosmides, informed her that she had extensive and permanent nerve damage that was caused by the wisdom tooth extraction performed by Dr. Domo in November 2001. She argues that until October 2003 she did not discover that the nerve damage would be permanent. Therefore, she claims, her cause of action filed in June 2003 was timely.
 {¶ 14} The "cognizable event" which started the statute of limitations in this case is not the doctor's informing Kiefer that the nerve damage would be permanent or that the injury was caused by the wisdom tooth extraction. "Constructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." Flowers, supra at 549. (Emphasis omitted). A "cognizable event" is one "which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place." Allenius v. Thomas
(1989), 42 Ohio St.3d 131, 134, 538 N.E.2d 93.
 {¶ 15} In the instant case, Keifer's deposition testimony clearly shows that she had constructive knowledge of facts that would alert a reasonable person that an improper medical procedure had taken place as early as the date of the tooth extraction, November 2001, or as late as May 2002, when Dr. Hausser, an oral surgeon, performed surgery on the extraction area.
 {¶ 16} Kiefer admitted that she knew something was wrong when Domo pulled her lower right tooth because only the lower left tooth was to be extracted. After the extraction, Kiefer stated she was in severe pain, which worsened over time. Kiefer followed up with Domo four times after the extraction because of continued pain and numbness. According to Kiefer, Domo advised her during her last visit that she would "get used to" numbness and, when she asked whether she should see someone else, Domo replied, "No. Don't go anywhere else. Nobody could help you." This information would be sufficient to alert Kiefer to investigate the cause of her pain and numbness. In fact, she contacted an attorney in November 2001, who referred her to another dentist.
 {¶ 17} In March 2002, Kiefer began treatment with Dr. Hausser, who advised her that she suffered nerve damage because of the wisdom tooth extraction. (Depo. Tr. 45). Kiefer stated that in May 2002, Dr. Hausser performed oral surgery to possibly "fix" the nerve damage and at that time she learned that her lingual nerve had been damaged. (Depo. Tr. 45-46). During the surgery, Dr. Hausser removed scar tissue surrounding the nerve and removed "a piece of filling that was stuck in the tooth socket." (Depo. Tr. 46). Her testimony shows that, as late as May 2002, she should have been aware that the wisdom tooth extraction performed by Domo had caused nerve damage, which resulted in severe pain and numbness. This knowledge was sufficient to start the statute of limitations running under the discovery rule. Accordingly, Kiefer's complaint, dated June 23, 2003, was outside the one-year statute of limitations.
 {¶ 18} Therefore, we find that Domo's motion for summary judgment was properly granted because Kiefer's complaint was not filed within the applicable one-year statute of limitations.
 {¶ 19} Accordingly, the assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Corrigan, J. concur.
[1] At the outset, it should be noted that Kiefer cites R.C.2305.113 as the controlling statute governing the statute of limitations in a dental malpractice action. Contrarily, Domo cites former R.C. 2305.11 as controlling in this case. A review of both statutes reveals that a one-year limitation applies. Accordingly, because the alleged malpractice in the instant case occurred on November 2, 2001, the application of former R.C.2305.11 governs this case.