JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Daryl Barley, appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} According to the case and the facts, Eliza Barley was married to Howard Barley Sr., who died in 1974. Eliza Barley died in 2004 at the age of 91. Howard Barley Jr. was the son of Eliza and Howard Barley, Sr. Howard Barley Jr. was mentally incompetent and originally in the care of his mother, appellant's grandmother, Eliza Barley. Eliza Barley was Howard Barley Jr.'s guardian from 1985 until 2002, when she was approximately 89 years old. On November 12, 2002, grandmother Eliza was removed as guardian by the probate court. Howard Barley Jr. died on April 4, 2005. Grandmother Eliza was eventually replaced as administrator by her grandson, appellant Daryl Barley, on July 14, 2005.
 {¶ 3} Appellee Dorothy Fitcheard is the younger sister of the late Eliza Barley, grandmother of appellant. Cynthia and Rickie Fitcheard are the children of Dorothy Fitcheard. During Eliza's lifetime she received shares of certain funds generated by the sale of limestone mined from her deceased husband, Howard Barley Sr.'s land in Alabama for herself and as guardian and conservator of Howard Jr. from November of 1996 until she died on March 8, 2004. At that time, Eliza lived with, and was cared for, by the Fitcheards. On March 11, 1997, Eliza executed a power of attorney *Page 4 
giving Dorothy the authority to manage Eliza's business and personal affairs. On August 17, 2000, Eliza made Dorothy her sole heir.
 {¶ 4} On June 9, 2004, Eliza's estranged daughters, Daryl Barley (individually and as conservator and administrator for Howard Jr.), and Herman Barley (another son of Eliza) filed an action against Dorothy Fitcheard. Plaintiffs filed the action individually and as executor of Eliza's estate to set aside Eliza's will in Audrey Beecher, et al. v.Dorothy Fitcheard, et al., Case No. 2004 ADV 0090182, Cuyahoga County Probate Court ("will contest"). The will contest was settled on January 31, 2006.[1]
 {¶ 5} On November 22, 2000, appellant petitioned the probate court in Alabama to replace Eliza as guardian and conservator for Howard Jr. because, as attested by Mr. Barley: since August 23, 1985, when Eliza became guardian for Howard Jr., "no inventory or accounting had ever been filed" for the guardianship estate.[2]
 II {¶ 6} Appellant's first assignment of error provides the following: "The trial court erred in granting defendants' motion for summary judgment for the reason that the complaint was not filed within the applicable four (4) year statute of limitations." *Page 5 
 {¶ 7} Appellant's second assignment of error provides the following: "The trial court erred in granting defendants' motion for summary judgment for the reason that plaintiff did not show there was a genuine issue of material fact concerning the alleged conversions."
 {¶ 8} Appellant's third assignment of error provides the following: "The trial court erred in granting defendants' motion for summary judgment (motion to dismiss)."
 III {¶ 9} Due to the substantial interrelation between appellant's three assignments of error, we shall address them together. Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.
 {¶ 10} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed.2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Doubts must be resolved *Page 6 
in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 11} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ. R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 12} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto County Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ. R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140. *Page 7 
 {¶ 13} A claim for conversion must be brought within four years after the date on which plaintiff discovered, or in the exercise of reasonable care should have discovered, that the property had been converted. R.C. 2305.09.[3] See also, Investors REIT One v. Jacobs (1989),46 Ohio St.3d 176, 179 (applying the "discovery rule" to a claim for conversion). The discovery rule requires the occurrence of a "cognizable event" which leads or should lead the plaintiff to believe that he has been injured and thus places him on notice of the need to pursue his remedies. Flowers v. Walker (1992), 63 Ohio St.3d 546, 549; Kiefer v.Mark Domo, D.D.S., Inc., Cuyahoga App. No. 86262, 2006-Ohio-445. "A plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations. Rather, the `cognizable event' itself puts the plaintiff on notice to investigate the facts and circumstances relevant to her claim in order to pursue her remedies." Flowers, supra, at 549. It is the constructive knowledge of facts, *Page 8 
rather than actual knowledge of their legal significance, that is enough to start the statute of limitations running under the discovery rule. Id.
 {¶ 14} In the case at bar, appellant Daryl Barley, as administrator for the estate of Howard Barley Jr., filed a complaint. Daryl Barley alleged in his complaint that funds disbursed to his grandmother, Eliza Barley, on behalf of his father, Howard Barley Jr., were converted by his aunt, Dorothy Fitcheard, and her children.
 {¶ 15} As previously stated, a claim for conversion must be brought within four years after the date on which plaintiff discovered, or in the exercise of reasonable care should have discovered, that the property had been converted. Here, Daryl Barley filed a petition for successor appointment for letters of guardianship and conservatorship of his father on November 22, 2000. Daryl Barley testified in his deposition that at the time he filed the petition, he knew that his grandmother had not filed an inventory or accounting. Daryl stated that this occurred because his father had never paid taxes, and his funds were being taxed using someone else's social security number. Daryl admitted that this was an "indicator that he was going to have a huge problem and * * * that there was a pretty messed up situation."[4]
 {¶ 16} The evidence demonstrates Daryl Barley knew back on November 22, 2000, that there was a problem with his father's finances. If Daryl had exercised reasonable care, he could have discovered that his father's funds had possibly been converted. Accordingly, the statute of limitation for appellant's conversion claim ran, *Page 9 
at the latest, on November 22, 2004. Therefore, the action first filed in the trial court on June 8, 2005, is time barred.
 {¶ 17} Appellant's first assignment of error is overruled. Based on the disposition of appellant's first assignment of error, appellant's remaining assignments of error are hereby moot.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] See Jan. 29, 2008 summary judgment, Ex. A.
[2] See Oct.12, 2007 summary judgment, Exs. A and D. The Nov. 22, 2000 time-stamp of the Tuscaloosa Probate Court on Ex. A of the Fitcheards' summary judgment motion was cut off. Attached as Ex. A to appellees' brief is a copy of the petition showing the Nov. 22, 2000 time-stamp (which was also attached as Ex. C to defendants' final pretrial statement).
[3] R.C. 2305.09. "Four-year limitation for certain actions; five-year limitation for identity fraud. Except as provided for in division (C) of this section, an action for any of the following causes shall be brought within four years after the cause thereof accrued:
(A) For trespassing upon real property;
(B) For the recovery of personal property, or for taking or detainingit;
(C) For relief on the ground of fraud, except when the cause of action is a violation of section 2913.49 of the Revised Code, in which case the action shall be brought within five years after the cause thereof accrued;
(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and2305.14 of the Revised Code; * * *." (Emphasis added.)
[4] Deposition of Daryl Barley, pgs. 147-148. *Page 1