[Cite as *Yoak v. Univ. Hosps. Health Sys., Inc.*, 2022-Ohio-3550.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

GERALD WAYNE YOAK,  :

    Plaintiff-Appellant,  :

                             No. 111224

    v.  :

UNIVERSITY HOSPITALS HEALTH  :
SYSTEMS, INC., ET AL.,

    Defendants-Appellees.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
               AND REMANDED
**RELEASED AND JOURNALIZED:** October 6, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-935769

---

### *Appearances:*

DWORKEN & BERNSTEIN CO., L.P.A., Patrick T. Murphy, and Christian D. Foisy, *for appellant.*

WESTON HURD LLP, and Daniel A. Richards, *for appellees.*

LISA B. FORBES, J.:

{¶ 1} Gerald Wayne Yoak ("Yoak") appeals from the trial court's order granting summary judgment to University Hospitals Health System, Inc., and University Hospitals Geauga Medical Center (collectively "UH") in this trip-and-fall

case. After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I.   Facts and Procedural History

{¶ 2}   UH operates a physical therapy and rehabilitation center ("UH rehab center") located at the Geauga YMCA (the "YMCA") in Chardon. The building that houses the UH rehab center and the YMCA is owned by the YMCA. The YMCA leases space to UH for the UH rehab center. The UH rehab center is "separated by a set of glass doors from the [YMCA] exercise facilities * * *."

{¶ 3}   On August 13, 2018, Yoak was exercising at the YMCA when he "tripped over a board that was * * * between the glass doors separating the [UH rehab center] from the YMCA exercise facilities." This board was placed between the two doors by a UH employee "to keep them from shutting and locking." After tripping over the board, Yoak allegedly fell and suffered injuries to his left knee and ankle.

{¶ 4}   On August 10, 2020, Yoak filed a complaint against UH and the YMCA. Yoak did not delineate precisely what claims he asserted in his complaint, although they all relate to his tripping over the board and falling at the YMCA. The complaint alleges, in part, the following:

- Yoak was a "business invitee" at the YMCA;

- The "board placed between the glass doors constituted a dangerous and hidden condition at the premises";

- "Defendants negligently maintained the facility, failed to warn [Yoak] of the dangerous condition and permitted a nuisance to remain on the premises";

- "Defendants violated their duty to '[k]eep all common areas of the premises in a safe and sanitary condition,' in violation of [R.C.] 5321.04(A)(3), and was negligent per se";

- Yoak "tripped over a board that was placed by [a UH] employee * * * between the glass doors separating the [UH rehab center] from the YMCA exercise facilities."

{¶ 5} On August 27, 2021, Yoak dismissed his claims against the YMCA, leaving UH as the sole defendant.

{¶ 6} On January 18, 2022, the trial court granted UH's summary judgment motion, finding that Yoak "cannot establish that [UH] owed him any actionable duty" to establish a premises-liability claim; Yoak failed to plead common-law negligence in his complaint; R.C. 5321.04(A)(3), which governs the obligations of a landlord, does not apply to UH in the case at hand because UH did not own the property; and because Yoak did not "set forth an actionable duty owed by UH * * *, his nuisance claim fails as a matter of law."

{¶ 7} It is from this order that Yoak now appeals, raising one assignment of error: "The trial court committed reversible error in granting defendants' motion for summary judgment."

## II. Law and Analysis

### A. Summary Judgment Standard of Review

{¶ 8} Appellate review of a decision granting summary judgment is de novo. *Barley v. Fitcheard*, 8th Dist. Cuyahoga No. 91458, 2008-Ohio-6159, ¶ 12.

Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that (1) there is no genuine issue of material fact; (2) they are entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

### B. Notice Pleading Under Civ.R. 8

{¶ 9} In granting summary judgment in the case at hand, the trial court found that Yoak's complaint "is devoid of * * * any allegations in regard to common law negligence against" UH. We disagree.

{¶ 10} Pursuant to Civ.R. 8(A), a complaint "shall contain * * * a short and plain statement of the claim showing that the party is entitled to relief * * *." The Ohio Supreme Court has held that a "party is not required to plead the legal theory of recovery or the consequences which naturally flow by operation of the law from the legal relationship of the parties." *Ill. Controls v. Langham*, 70 Ohio St.3d 512, 526, 639 N.E.2d 771 (1994). Rather, "the party asserting a claim must give sufficient operative facts to provide fair notice to the defender of the claim." *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.,* 8th Dist. Cuyahoga No. 98861, 2014-Ohio-25, ¶ 113.

{¶ 11} "[T]o establish actionable negligence, the plaintiff must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom." *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998).

{¶ 12} Yoak's complaint alleges that he "tripped over a board that was placed by [a UH] employee * * * between the glass doors separating the [UH rehab center] from the YMCA exercise facilities," resulting in injury to his knee and ankle. We find that these allegations are sufficient to put UH on notice that Yoak is claiming common-law negligence. *See Alexander v. Culp*, 124 Ohio App.3d 13, 18, 705 N.E.2d 378 (8th Dist.1997) ("Although appellant did not plead common law negligence, it is sufficient that the facts of the complaint assert the elements of common law negligence.").

### C. Common-Law Negligence

#### 1. Duty

{¶ 13} Having found that Yoak pled a negligence claim, we turn to whether this claim survives UH's motion for summary judgment. We start by determining whether UH owed Yoak a duty under common-law negligence jurisprudence. This court has held that a "defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury." *Thayer v. B.L. Bldg. & Remodeling, L.L.C.,* 8th Dist. Cuyahoga No. 105950, 2018-Ohio-1197, ¶ 24. "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." *Menifee v. Ohio Welding Prods., Inc.,* 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶ 14} "[A]ctors engaging in conduct that creates a risk to others have a duty to exercise reasonable care to avoid causing physical harm." Restatement of the Law

3d, Torts, Section 7 (2010). "The minimum standard of care expected under any circumstance is to exercise that degree of care and caution that an ordinary careful and prudent person would exercise under similar circumstances." *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, 29 N.E.3d 921, ¶ 27.

{¶ 15} In the case at hand, the relationship between UH and Yoak is based on a UH employee creating the allegedly dangerous condition that caused injury to Yoak. UH physical-therapy assistant Jeanine Tamburro ("Tamburro") testified in deposition that she "was responsible for putting the board in the door" and that Yoak "said he had just tripped and fell on it." According to Tamburro, "probably less than half an hour passed" between when she placed the board between the two doors and when Yoak tripped on it. Tamburro "put it in the door so that it keeps the door from shutting." Additionally, injury is foreseeable if someone creates a tripping hazard by stopping a door from shutting without using reasonable care.

{¶ 16} Accordingly, we find that UH had a duty to act with reasonable care when stopping the door from shutting.

### 2. Breach

{¶ 17} We turn to whether UH breached its duty. Tamburro testified that the board was "2 inches thick by approximately 5 or 6 inches high by about 6 inches long." This specific board was used as a "step-over" block during physical therapy, and according to Tamburro, "we also used it to block the door." Tamburro testified that on "an average of twice a week for three years * * * the entire staff [of UH

employees] that worked at the Y" stopped the door from closing and locking using this particular piece of wood.

{¶ 18} Tamburro testified that she uses something called "transfer boards" during physical therapy, but she did not stop the door from closing using a transfer board. A transfer board is 20- to 24-inches long, and, according to Tamburro, "it creates a tripping hazard immediately" if used to stop a door from shutting.

{¶ 19} Yoak testified in his deposition that the board he tripped over was "a one by six" that was "32 to 36 inches" long. Yoak further testified that "12 to 16 inches" of this board was protruding from the doorway into the YMCA. According to Yoak, had he looked straight down when he was walking, he could have seen the board.

{¶ 20} Upon review, we find that there are genuine issues of material fact as to whether UH breached its duty. The evidence conflicts as to the size of the board that was used to stop the door from closing. Specifically, Tamburro testified that it was approximately six-inches long and Yoak testified that it was 32- to 36-inches long. *Compare Texler*, 81 Ohio St.3d at 681, 693 N.E.2d 271 (finding that "the bucket used to prop open the door contained protruding concrete blocks that could cause serious injuries" and "adequate evidence in the record * * * supports the * * * finding that" the defendant "was one hundred percent negligent in the manner by which the bucket of concrete propped open the door * * *").

### 3. Causation and Harm

{¶ 21} Turning to the final two elements of a negligence claim, we find that the issues of causation and harm were not argued or addressed by either party on summary judgment. Because we find that the trial court erred by determining that Yoak "cannot establish that * * * UH * * * owed him any actionable duty," and thus, summary judgment was improperly granted, we need not address causation and harm for the first time on appeal.

### 4. Open and Obvious

{¶ 22} On appeal, the parties raise the issue of an open-and-obvious danger, which bars a landowner or occupier's duty "to persons entering those premises regarding dangers that are open and obvious." *Armstrong v. Best Buy Co.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 799 N.E.2d 1088, ¶ 5. Because UH is not an owner or occupier of the YMCA premises, which is where this alleged incident took place, the open-and-obvious doctrine does not "relieve [UH] of a duty of care * * *." *Thayer*, 8th Dist. Cuyahoga No. 105950, 2018-Ohio-1197, at ¶ 26.

{¶ 23} While the open-and-obvious doctrine does not eliminate the duty of care in a common-law negligence action, "the open and obvious nature of a hazard may be relevant for other purposes in connection with a negligence claim." *Thayer* at ¶ 26. Specifically, a "plaintiff's failure to protect himself or herself from an obvious hazard may constitute comparative negligence * * *." *Crumb v. LeafGuard by Beldon, Inc.*, 8th Dist. Cuyahoga No. 108321, 2020-Ohio-796, ¶ 36. "Issues of comparative negligence are for the jury to resolve unless the evidence is so

compelling that reasonable minds can reach but one conclusion." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 646, 597 N.E.2d 504 (1992).

{¶ 24} Upon review, we find that reasonable minds can reach different conclusions on whether Yoak was negligent, and if so, to what extent.

### D. Premises Liability

{¶ 25} "In Ohio, the status of the person who enters upon the land of another * * * continues to define the scope of the legal duty that the landowner owes the entrant." *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996). Traditionally, common law recognized three classifications of entrants: 1) trespasser; 2) licensee; and 3) invitee. *Id.*

{¶ 26} It is undisputed that Yoak did not enter UH's premises — specifically, the UH rehab center — on August 13, 2018. Yoak allegedly fell and was injured while on the YMCA's premises. In other words, UH was not a "landowner" who owed a duty to an "entrant" in the case at hand. Therefore, we find that UH did not owe a duty to Yoak under premises liability law, and the court properly granted summary judgment to UH on this claim.

### E. Nuisance

{¶ 27} This court has held that a "qualified nuisance involves a lawful act 'so negligently or carelessly done as to create a potential and unreasonable risk of harm, which in due course results in injury to another.'" *Temple v. Fence One, Inc.*, 8th Dist. Cuyahoga No. 85703, 2005-Ohio-6628, ¶ 41, quoting *Taylor v. Cincinnati*, 143 Ohio St. 426, 436, 55 N.E.2d 724 (1943). In other words, for a plaintiff to succeed

on a qualified nuisance claim, he or she "must show that the [defendant] breached an applicable duty of care and the breach proximately caused [the plaintiff's] injuries." *Hardin v. Naughton*, 8th Dist. Cuyahoga No. 98645, 2013-Ohio-1549, ¶ 22.

{¶ 28} In the case at hand, the trial court granted summary judgment to UH on Yoak's nuisance claim based on a finding that, as a matter of law, "the allegations of the Complaint do not set forth an actionable duty owed by * * * UH * * * to [Yoak]." Because we reversed the trial court on this point and found that the allegations of the complaint contain a cause of action for common-law negligence, we likewise find that the complaint alleges a cause of action for qualified nuisance. Furthermore, for the same reason that Yoak's negligence claim survives summary judgment, Yoak's claim for qualified nuisance survives summary judgment.

## F. Negligence Per Se

{¶ 29} The trial court granted summary judgment to UH on Yoak's negligence per se claim, finding that he "concedes that R.C. 5321.0[4](A)(3) is not applicable to * * * UH * * * in this matter because [the] YMCA, not * * * UH * * *, was the property owner." It does not appear that Yoak is appealing the granting of summary judgment on this claim; therefore, we will not review this aspect of the trial court's journal entry.

## G. Conclusion

{¶ 30} The trial court erred by granting summary judgment in favor of UH on Yoak's negligence and qualified-nuisance claims, and his sole assignment of error

is sustained in part. The trial court's journal entry is affirmed in part and reversed in part. Summary judgment remains as to the premises-liability and negligence per se causes of action. Summary judgment is reversed as to the common-law negligence and qualified-nuisance claims. Case remanded for proceedings consistent with this opinion.

{¶ 31} Judgment affirmed in part, reversed in part, and remanded for proceedings consistent with this sentence.

It is ordered that appellees and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR