[Cite as *Troha v. Suntay*, 2013-Ohio-4248.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

FRANK V. TROHA, et al.                    :

    Plaintiffs-Appellants          :          C.A. CASE NO.    25661

v.                                        :          T.C. NO.    12CV3859

WILFREDO J. SUNTAY, M.D.                  :          (Civil appeal from
                                          Common Pleas Court)

    Defendant-Appellee             :

                                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    27th    day of    September   , 2013.

. . . . . . . . . .

MICHAEL B. MILLER, Atty. Reg. No. 0079305 and DAVID M. PIXLEY, Atty. Reg. No. 0083453, 2160 Kettering Tower, Dayton, Ohio 45423
      Attorneys for Plaintiffs-Appellants

KEVIN W. POPHAM, Atty. Reg. No. 0066335, 2075 Marble Cliff Office Park, Columbus, Ohio 43215
      Attorneys for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** Plaintiff-appellants Frank V. Troha, M.D. and Gwendolyn Leigh Troha[1]

(hereinafter "Troha") appeal a decision of the Montgomery Court of Common Pleas, Civil Division, sustaining the motion for summary judgment of defendant-appellee Wilfredo J. Suntay, M.D. (hereinafter "Dr. Suntay") in a written decision issued on November 27, 2012. After dismissing the other defendants originally involved in the instant litigation, Troha filed a notice of appeal against Dr. Suntay on March 1, 2013.

{¶ 2} The record establishes that Troha came under the care and supervision of Dr. Suntay on December 17, 2009, when he sought treatment at Dayton Medical Imaging-Centerville (hereinafter "DMI") complaining of abdominal pain. Dr. Suntay, a radiologist employed by DMI, conducted a computed tomography (CT) scan of Troha's abdomen and pelvis. Dr. Suntay interpreted the scans as negative for any bowel obstructions, but identified a possible thickening of the walls of the distal small bowel and terminal ileum. Significantly, Dr. Suntay did not diagnose Troha with Crohn's Disease, an inflammatory intestinal condition. Dr. Suntay did not provide any further medical care or treatment to Troha after December 17, 2009.

{¶ 3} Two days later, on December 19, 2009, Troha went to the emergency room at Sycamore Hospital complaining of abdominal pain, nausea, and a distended abdomen. While at Sycamore Hospital, Troha underwent a second CT scan which revealed an obstruction in his small bowel and the presence of a small metallic foreign body within his terminal ileum. Troha was subsequently admitted to Sycamore Hospital for further evaluation. On December 20, 2009, Troha underwent emergency surgery which successfully eliminated the bowel obstruction. Troha was discharged from Sycamore

---

[1]Troha's wife, Gwendolyn, brought a derivative claim for loss of consortium.

Hospital on December 29, 2009.

{¶ 4} On May 25, 2012, Troha filed a complaint alleging that "as a direct and proximate result of Dr. Suntay['s] *** negligence in failing to properly diagnose and evaluate the patient, Troha sustained damages and is entitled to compensation for past and future damages ***."

{¶ 5} On October 5, 2012, Dr. Suntay filed a motion for summary judgment in which he argued that Troha failed to comply with the applicable one-year statute of limitations for medical malpractice claims in violation of R.C. 2305.113. Specifically, Dr. Suntay argued that Troha's complaint, filed more than seventeen months after the date of the alleged failure to diagnose the bowel obstruction, was filed outside the applicable statute of limitations set forth in R.C. 2305.113. Dr. Suntay asserted that the cognizable event triggering the accrual of Troha's cause of action was the emergency surgery performed on December 20, 2009, when he should have become aware that he suffered from a bowel obstruction. Thus, Troha's failure to file his complaint within one year of December 20, 2009, was fatal to his malpractice claims.

{¶ 6} Troha filed a memorandum in opposition on October 22, 2012. In support to his memorandum, Troha attached the affidavits of Dr. Carmine A. Grieco, M.D., and Dr. Mark Walsh, M.D. In his memorandum, Troha argued that while he became aware that he had a bowel obstruction on December 19, 2009, during the second CT scan, he did not become aware that he had Crohn's Disease until July 1, 2011, when he states that he was first able to review the CT scan performed by Dr.Suntay with his own treating physician. Essentially, Troha argued that Dr. Suntay was negligent for failing to diagnose him with

Crohn's Disease during the CT scan conducted on December 17, 2009. Thus, according to Troha, by filing his complaint on May 25, 2012, within one year of July 1, 2011, he did not violate the statute of limitations on medical malpractice claims. Dr. Suntay filed a reply brief in support of his motion for summary judgment on October 22, 2012.

{¶ 7} On November 27, 2012, the trial court issued a decision sustaining Dr. Suntay's motion for summary judgment. The trial court found that Troha's diagnosis of and surgery for a bowel obstruction on December 20, 2009, constituted a cognizable event that put him on notice regarding Dr. Suntay's alleged failure to properly interpret the CT scan. Specifically, the trial court found that (1) Troha became aware or should have become aware of the extent and seriousness of his medical condition on December 20, 2009, the date of his abdominal surgery; (2) Troha was aware or should have been aware that his medical condition and subsequent surgery were related to the allegedly misread CT scan on December 17, 2009; and (3) Troha's medical condition and consequential surgery on December 20, 2009, would put a reasonable person on notice of the need for further inquiry as to the cause of such condition and resulting injury. It is from this judgment that Troha now appeals.

{¶ 8} Troha's sole assignment of error is as follows:

{¶ 9} "THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THE ONE YEAR STATUTORY PERIOD EXPIRED UNDER THE DISCOVERY RULE."

{¶ 10} In his sole assignment, Troha contends that the trial court erred when it sustained Dr. Suntay's motion for summary judgment. Specifically, Troha argues that he

did not become aware that he had Crohn's Disease until July 1, 2011, when he was first able to review the CT scan performed by Dr. Suntay with his own treating physician. Thus, Troha asserts that the trial court erred when it found that his claims were barred by the applicable one-year statute of limitations pursuant to R.C. 2305.113(A) because he filed his complaint on May 25, 2012.

{¶ 11} We review a summary judgment de novo by independently reviewing the judgment, without deference to the trial court's determination. *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588, 641 N.E.2d 265 (8th Dist.1994), citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). We apply the same standard as the trial court and must affirm the judgment if any grounds the movant raised in the trial court support it. *Coventry Twp. v. Ecker,* 101 Ohio App.3d 38, 41-42, 654 N.E.2d 1327 (9th Dist.1995).

{¶ 12} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Because summary

judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the non-moving party. *Murphy v. Reynoldsburg,* 65 Ohio St.3d 356, 358-59, 604 N.E.2d 138 (1992), quoting *Norris v. Ohio Std. Oil Co.,* 70 Ohio St.2d 1, 2, 433 N.E.2d 615 (1982).

{¶ 13} When a party moves for summary judgment on the ground that the non-moving party cannot prove its case, the movant bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its initial burden, the non-movant must set forth specific facts demonstrating a genuine issue for trial. *Id.* at 293.

{¶ 14} To succeed on a malpractice claim, a plaintiff must demonstrate through expert testimony that the physician's conduct fell below the "prevailing standard of care." *Ramage v. Central Ohio Emergency Servs.*, 64 Oho St.3d 97, 102, 592 N.E.2d 828 (1992). "Whether negligence exists is determined by the relevant standard of conduct for the physician. That standard is proved through expert testimony." *Berdyck v. Shinde*, 66 Ohio St.3d 573, 579, 613 N.E.2d 1014 (1993), citing *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 346 N.E.2d 673 (1976). *Bruni* also requires expert testimony on the issue of causation.

{¶ 15} Under Ohio Law, in order to present a prima facie claim of medical malpractice, a plaintiff must establish: 1) the standard of care, as generally shown through expert testimony; 2) the failure of the defendant to meet the requisite standard of care; and 3) a direct causal connection between the medically negligent act and the injury sustained.

*Bruni v. Tatsumi*, 46 Ohio St.2d 127, ¶ 1 of the syllabus. "[P]hysicians are said to owe patients a legal duty to use recognized standards of professional knowledge and skill." *Ryne v. Garvey*, 87 Ohio App.3d 145, 155, 621 N.E.2d 1320 (2d Dist.1993). A plaintiff proves a breach of duty by showing that the physician failed to act in accordance with those established norms. *Id*.

{¶ 16} R.C. 2305.113 provides, in relevant part:

A) Except as otherwise provided in this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued.

{¶ 17} Further, the Ohio Supreme Court has observed:

{¶ 18} "[A] cause of action for medical malpractice accrues and the one year statute of limitation commences to run (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later." *Frysinger v. Leech*, 32 Ohio St.3d 38, 41-42, 512 N.E.2d 337 (1987).

{¶ 19} Under the discovery rule, a "cognizable event" triggers the running of the statutory time for bringing suit. A "cognizable event" is "some noteworthy event * * * which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place." *Allenius v. Thomas*, 42 Ohio St.3d 131, 134, 538 N.E.2d 93 (1989). Hence, if a patient believes that her physician has done something that has caused her harm, such a fact is enough to alert her to the necessity for investigation for purposes of pursuing redress. *Id*.

{¶ 20} In *Flowers v. Walker*, 63 Ohio St.3d 546, 589 N.E.2d 1284 (1992), the Ohio Supreme Court elaborated on the manner in which a cognizable event manifests. The court observed that "*constructive* knowledge of facts, rather than the *actual* knowledge of their significance, is enough to start the statute of limitations running under the discovery rule." *Id.* at 549. Consequently, the statute of limitations in a medical malpractice case will be triggered even if a potential plaintiff has not uncovered all relevant facts to constitute her cause of action to trigger the running of the statute of limitations. *Id.* Thus, "[t]he occurrence of a cognizable event makes it incumbent upon that individual to investigate his or her case completely." *Hans v. The Ohio State Univ. Med. Ctr.*, 10th Dist. Franklin No. 07AP-10, 2007-Ohio-3294, ¶11, citing *Simonds v. Kearney*, 9th Dist. Wayne No. 01CA0035, 2002-Ohio-761.

{¶ 21} On the record before us, we conclude that the trial court did not err when it found that Troha's surgery to remove the bowel obstruction on December 20, 2009, was the cognizable event that triggered the running the one-year statute of limitations. Although Troha asserts that the cognizable event occurred on July 1, 2011, when he became aware that Dr. Suntay failed to properly include in his report critical findings consistent with Crohn's Disease during a discussion with his treating physician, it is undisputed that Troha became aware of his need for and underwent abdominal surgery for bowel obstruction on December 20, 2009, approximately three days after the CT was performed. Additionally, Troha admitted that (1) he was aware in December 2009 that he underwent an abdominal CT scan on December 17, 2009; (2) he was aware in December 2009 that an abdominal CT scan may be diagnostic for a bowel obstruction; (3) he was aware in December 2009 that he suffered from a bowel obstruction; and (4) he was aware of the signs and symptoms associated with a

bowel obstruction. Constructive knowledge of facts, rather than actual knowledge of their legal significance, is sufficient to start the running of the statute of limitations under the discovery rule. While Troha asserts that there is no evidence that he knew or should have known that Dr. Suntay failed to properly diagnose his abdominal condition on December 17, 2009, Troha underwent invasive abdominal surgery on December 20, 2009. Troha did not have to discover all of the relevant facts in order to trigger the statute of limitations before filing a complaint.

{¶ 22} Accordingly, we find that Troha's abdominal condition and subsequent surgery on December 20, 2009, at Sycamore Hospital was sufficient to put him on notice of the need for further inquiry regarding the cause of such condition and the resulting injury. Therefore, the one-year statute of limitations for Troha's claims for negligence and loss of consortium against Dr. Suntay commenced on December 20, 2009, and ended on December 20, 2010, more than seventeen months before the complaint was filed in the instant case. Based on the evidence in the record, we find that Troha was aware of his potential negligence claim against Dr. Suntay at least by the time that he underwent abdominal surgery on December 20, 2009, and thus, was on notice to investigate his claim. Troha's complaint, filed on May 25, 2012, more than one-year after the abdominal surgery/cognizable event, is barred by the applicable one-year statute of limitations pursuant to R.C. 2305.113(A). Thus, the trial court did not err when it sustained Dr. Suntay's motion for summary judgment.

{¶ 23} Troha's sole assignment of error is overruled.

{¶ 24} Troha's sole assignment of error having been overruled, the judgment of the

trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Michael B. Miller
David M. Pixley
Kevin W. Popham
Hon. Mary Katherine Huffman